115 T.C. No. 2

UNITED STATES TAX COURT

WILLIAM A. AND GAYLE T. COOK, DONORS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 257-99.                    Filed July 25, 2000.

    H and W, husband and wife, each created two trusts
intended to qualify as grantor retained annuity trusts
(GRAT's) under sec. 2702, I.R.C.  The grantor in each
trust retained an annuity for a stated number of years.
If the grantor dies before the expiration of the stated
term of years and is survived by a spouse, the annuity
continues for the spouse until the earlier of his or
her death or the expiration of an additional specified
term.  If the grantor dies before the expiration of the
stated term of years and is not survived by a spouse,
the term of the annuity ends upon the death of the
grantor.

    In each trust, the grantor has reserved the power
to revoke the interest of the spouse.

    Ps contend that the value of the remainder
interest in each GRAT, of which the grantor made a
taxable gift, is the value of the transfer in trust,
reduced by the actuarially determined value of a dual-
life annuity under sec. 7520, I.R.C.  R contends that

the remainder value is to be calculated by deducting the actuarially determined value of a single-life annuity.

Held: Because the spousal interests in each GRAT are not fixed and ascertainable at the inception of the GRAT and are therefore contingent, and because the retained interests in each GRAT may extend beyond the shorter of a term of years or the period ending upon the death of the grantor, the retained interests in the GRAT's are to be valued as single-life annuities. See secs. 25.2702-3(d)(3) and 25.2702-2(a)(5), Gift Tax Regs.

George N. Harris, Jr., and Juan D. Keller, for petitioners.

Stewart Todd Hittinger, for respondent.

OPINION

NIMS, Judge: This matter is before the Court on the parties' cross-motions for partial summary judgment, filed pursuant to Rule 121. The parties seek a summary adjudication regarding the same matter; i.e., the proper application of section 2702 to four grantor retained annuity trusts (GRAT's). There is no genuine issue of material fact to preclude a decision on such matter. We therefore proceed to decide the legal issues that the parties' motions present.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners resided in Bloomington, Indiana, at the time their petition was filed with the Court.

The following is a summary of the relevant facts. They are stated solely for the purpose of deciding the pending cross-motions for partial summary judgment, and they are not findings of fact for this case. See Fed. R. Civ. P. 52(a); Rule 1(a).

### The Creation of the Trusts

On June 7, 1993, petitioner William A. Cook (Mr. Cook) created the William A. Cook 1993 grantor retained annuity trust and transferred 12,600 shares of Class A common stock of Cook Group, Inc., to such trust. On the same day, petitioner Gayle T. Cook (Mrs. Cook) created the Gayle T. Cook 1993 grantor retained annuity trust and transferred 12,600 shares of Class A common stock of Cook Group, Inc., to such trust.

On August 30, 1995, Mr. Cook created the William A. Cook 1995 grantor retained annuity trust and transferred 14,360 shares of Class A common stock of Cook Group, Inc., effective August 31, 1995, to such trust. On the same day, Mrs. Cook created the Gayle T. Cook 1995 grantor retained annuity trust and transferred 11,300 shares of Class A common stock of Cook Group, Inc., effective August 31, 1995, to such trust.

Petitioners were named as cotrustees for each of the GRAT's. Each GRAT also provides that it is intended to be a grantor

retained annuity trust, paying a qualified annuity interest under section 2702(b)(1), and that the trust instrument should be interpreted accordingly.  Further, each GRAT specifies that the trustee shall amend the trust if necessary to satisfy the requirements of the law in order to ensure that the annuity interest qualifies as a qualified annuity interest under section 2702(b).

### The 1993 GRAT's

Each of the 1993 GRAT's provides for annual payments equal to 23.999 percent of the initial value of the trust corpus, referred to in each GRAT as the Annuity Amount.  The Annuity Amount is to be paid to the grantor for a term of 5 years or until the grantor's earlier death.  During that time, no distribution of trust income or principal may be made to any other person.

Each of the 1993 GRAT's also provides that if the grantor survives the 5-year term, then the remaining trust property shall be used to establish a separate trust for the grantor's son. However, if the trust ends by reason of the grantor's death before the expiration of the 5-year term, all remaining trust property shall be disposed of under a Contingent Marital Annuity Trust (CMAT) intended to qualify for the Federal estate tax marital deduction for the grantor's estate.  Under the CMAT, the grantor's spouse will receive any Annuity Amount that would have

been paid to the grantor if the grantor had survived the remainder of the 5-year term of the GRAT. Upon the earlier of the expiration of the 5-year term or the death of the grantor's spouse, the remaining trust assets will be used to establish a separate trust for the grantor's son.

Mr. Cook's 1993 GRAT provides that Mrs. Cook would have certain powers to appoint income and principal of the GRAT to and among the grantor's son, Carl, members of his family, "and Charities", but that any exercise of such powers would not take effect unless Mr. Cook survived the term of the GRAT. Mr. Cook's 1993 GRAT also provides that Mrs. Cook would have certain powers of appointment with respect to the income and principal of the CMAT, but the GRAT mandates that no distributions may be made from the CMAT to any other person during the life of Mrs. Cook.

Mrs. Cook's 1993 GRAT provides that Mr. Cook would have certain powers of appointment with respect to the income and principal of the CMAT, but the GRAT also states that no distributions may be made from the CMAT to any other person during the life of Mr. Cook.

Each of the 1993 GRAT's is irrevocable in all respects except that the grantor retains the right to revoke the designation of his or her spouse as the successor annuitant. If

the grantor should revoke the spouse's designation as the successor annuitant, then the terms of the trust agreement are to be applied as if the spouse had predeceased the grantor.

The 1995 GRAT's

Each of the 1995 GRAT's provides for annual payments, referred to as the Annuity Amount, to be paid to the grantor during the Annuity Term. The Annuity Term for Mr. Cook's 1995 GRAT is 3 years, and the Annuity Term for Mrs. Cook's 1995 GRAT is 5 years. In the case of Mr. Cook's 1995 GRAT, the Annuity Amount is the fair market value of the initial assets of such trust as of the date of transfer, as finally determined for Federal tax purposes, multiplied by .3175, .3810, and .4572, for year 1 through year 3, respectively. In the case of Mrs. Cook's 1995 GRAT, the Annuity Amount is the fair market value of the initial assets of such trust as of the date of transfer, as finally determined for Federal tax purposes, multiplied by .168940, .202728, .2432736, .2919283, and .3503139, for year 1 through year 5, respectively.

Each of the 1995 GRAT's provides that during the Annuity Term of the trust no distribution of trust income or principal may be made to any person other than the grantor.

If the grantor of each 1995 GRAT survives the Annuity Term, then any remaining trust property, after payment of the Annuity Amount, shall be used to establish a separate trust for the

grantor's son.  If, however, either of the 1995 GRAT's ends by reason of the death of the grantor and the grantor is survived by his or her spouse, then the remaining trust property shall be disposed of under a CMAT.

Each of the 1995 GRAT's provides for annuity payments under the CMAT to the grantor's spouse, referred to as Spousal Annuity Amounts, for the shorter of a term of years (3 years under Mr. Cook's 1995 GRAT and 5 years under Mrs. Cook's 1995 GRAT) after the grantor's death or until the spouse's earlier death.  The Spousal Annuity Amount that would be payable to the grantor's spouse under the CMAT during the initial 3 years under Mr. Cook's 1995 GRAT and during the initial 5 years under Mrs. Cook's 1995 GRAT is the same "Annuity Amount that would have been determined with respect to * * * [the grantor] if * * * [the grantor] had survived."  Under the CMAT provisions, no distributions may be made from the CMAT to any other person during the spouse's life.  The spouse has a testamentary power of appointment with respect to any remaining trust property, including any remaining payments of the Spousal Annuity Amount or of income.

Each 1995 GRAT is irrevocable except that the grantor retains the right to revoke the designation of his or her spouse as the successor annuitant.  If the grantor revokes the spouse's

designation as the successor annuitant, then the terms of the trust agreement are to be applied as if the spouse had predeceased the grantor.

### Petitioners' Gift Tax Returns

Each petitioner timely filed a Federal gift tax return for the taxable years 1993 and 1995. Each petitioner reported the value of the transfers to their respective GRAT's by subtracting from the value of the transferred property the value of an annuity based on two lives successively; i.e., the value of a stream of fixed annual payments for the shorter of either a term of years (5 years for both of the 1993 GRAT's and Mrs. Cook's 1995 GRAT, and 3 years for Mr. Cook's 1995 GRAT) or a period ending upon the death of the last to die of the grantor and the grantor's spouse.

### The Notices of Deficiency

Respondent issued notices of deficiency to Mrs. Cook for the taxable years 1993 and 1995 determining deficiencies in Federal gift taxes in the amounts of $2,789,609 and $4,850,271, respectively. Respondent issued notices of deficiency to Mr. Cook for the taxable years 1993 and 1995 determining deficiencies in Federal gift taxes in the amounts of $3,271,125 and $4,446,282, respectively. A portion of the deficiency for each year and for each petitioner is attributable to respondent's analysis of the retained annuity in each trust, and a

determination that the value of the annuity retained by each grantor should be calculated based on the shorter of a fixed term or the earlier death of the grantor.

## Discussion

### I.  General Rules

Section 2501 imposes a tax for each calendar year on the transfer of property by gift by any taxpayer.  Pursuant to section 2512, the value of the transferred property as of the date of the gift "shall be considered the amount of the gift".  Generally, where property is transferred in trust but the donor retains an interest in such property, the value of the gift is the value of the property transferred, less the value of the donor's retained interest.  See sec. 25.2512-5A(e), Gift Tax Regs.; sec. 25.2512-5T(d)(2), Temporary Gift Tax Regs., 64 Fed. Reg. 23224 (Apr. 30, 1999).  However, if the gift in trust is to a family member (as defined in section 2704(c)(2)), the value of the gift is determined subject to the limitations of section 2702.  See id.

In the case at bar, petitioners assert that each grantor's retained interest is to be valued as a single annuity based on two lives, referred to as a dual-life annuity.  Respondent asserts that each grantor's retained interest is to be valued as a single-life annuity.  Valuation of a retained interest as a dual-life annuity produces a greater retained value than

valuation as a single-life annuity, and correspondingly reduces

the amount of the taxable gift of the remainder.  Respondent

disagrees with this result.

As pertinent herein, section 2702 provides:

SEC. 2702.   SPECIAL VALUATION RULES IN CASE OF
             TRANSFERS OF INTERESTS IN TRUSTS.

(a) Valuation Rules.--

(1) In general.--Solely for purposes of
determining whether a transfer of an interest in
trust to (or for the benefit of) a member of the
transferor's family is a gift (and the value of
such transfer), the value of any interest in such
trust retained by the transferor or any applicable
family member * * * shall be determined as
provided in paragraph (2).

(2) Valuation of retained interests.--

(A) In general.--The value of any
retained interest which is not a qualified
interest shall be treated as being zero.

(B) Valuation of qualified interest.--
The value of any retained interest which is a
qualified interest shall be determined under
section 7520 [providing for use of valuation
tables prescribed by the Secretary for
annuities, life interests, etc.].

(3) Exceptions.--

(A) In general.--This subsection shall
not apply to any transfer--

(i) if such transfer is an
incomplete gift,

*     *     *     *     *     *     *

(B) Incomplete gift.--For purposes of
subparagraph (A), the term "incomplete gift"
means any transfer which would not be treated

as a gift whether or not consideration was received for such transfer.

(b) Qualified Interest.--For purposes of this section, the term "qualified interest" means--

(1) any interest which consists of the right to receive fixed amounts payable not less frequently than annually,

(2) any interest which consists of the right to receive amounts which are payable not less frequently than annually and are a fixed percentage of the fair market value of the property in the trust (determined annually), and

(3) any noncontingent remainder interest if all of the other interests in the trust consist of interests described in paragraph (1) or (2).

Beyond the definitions of "qualified interest" contained in section 2702(b), regulations promulgated under section 2702 define, and expand, "qualified interest" in the following manner:

Qualified interest means a qualified annuity interest, a qualified unitrust interest, or a qualified remainder interest. <u>Retention of a power to revoke a qualified annuity interest (or unitrust interest) of the transferor's spouse is treated as the retention of a qualified annuity interest (or unitrust interest)</u>. [Sec. 25.2702-2(a)(5), Gift Tax Regs.; emphasis added.]

A "qualified annuity interest" is "an irrevocable right to receive a fixed amount", "payable to (or for the benefit of) the holder of the annuity interest for each taxable year of the term." Sec. 25.2702-3(b)(1)(i), Gift Tax Regs. A fixed amount is either a stated dollar amount or a fixed fraction or percentage (not to exceed 120 percent of the fixed fraction or percentage payable in the preceding year) of the initial fair

market value of the property transferred to the trust as finally determined for Federal tax purposes. See sec. 25.2702-3(b)(1)(ii), Gift Tax Regs. In either case, a fixed amount must be payable periodically but not less frequently than annually. See id.

The trust instrument must also prohibit distributions from the trust to or for the benefit of any person other than the holder of the qualified annuity interest during the term of the qualified interest. See sec. 25.2702-3(d)(2), Gift Tax Regs. The term of the annuity interest must be fixed by the trust instrument for the life of the term holder, for a specified term of years, or for the shorter (but not the longer) of those periods. See sec. 25.2702-3(d)(3), Gift Tax Regs.

For purposes of section 2702, a transfer of an interest in property with respect to which there are one or more term interests is treated as a transfer in trust. See sec. 2702(c)(1). A term interest is one of a series of successive (as contrasted with concurrent) interests. See sec. 25.2702-4(a), Gift Tax Regs.

II. Application

As previously stated, section 2702 contains special valuation rules for transfers of interests in trusts to family members. In this case, we proceed on the assumption that each trust creates interests which consist of the right to receive

fixed amounts which are payable at least annually, as required by section 2702(b)(1), and that the remainder interest created for the son (a "member of the family" under sections 2702(e) and 2704(c)(2)), is noncontingent, as required by section 2702(b)(3). Consequently, the value of any interest retained by the grantor or "any applicable family member" must be determined under the special valuation rules of section 2702. As provided in section 2702(a)(2)(A), the value of any retained interest "which is not a qualified interest shall be treated as being zero."

Respondent agrees that each grantor's retained annuity to the extent it is for a term of years or the grantor's earlier death constitutes a qualified interest. Respondent, however, challenges the provision of each trust which continues the annuity for the spouse, if the spouse survives the grantor, for the remaining term of the trust or until the spouse's earlier death.

We agree with respondent that as to each trust, the interest retained in favor of the grantor's spouse, whether viewed as an independent interest or as an expansion of the grantor's interest, is not qualified and therefore must be valued at zero. Thus, we reject petitioners' contention that they are entitled to value each grantor's retained interest as an annuity based on two lives.

We first consider the nature of the spousal interests themselves. In the trusts before us, the spousal interests are contingent upon surviving the grantor, so they may never take effect. We, however, do not believe section 2702 permits a transferor to reduce the value of a remainder interest by the simple expedient of assigning a value to a retained interest which may, in fact, never take effect.

As indicated above, the regulations provide that "The governing instrument must fix the term of the annuity or unitrust interest." Sec. 25.2702-3(d)(3), Gift Tax Regs. We construe this language to require that the term be fixed and ascertainable at the creation of the trust. The regulations contain two examples which illustrate this requirement, as follows:

> Example 5. A transfers property to an irrevocable trust, retaining the right to receive 5 percent of the net fair market value of the trust property, valued annually, for 10 years. If A dies within the 10-year term, the unitrust amount is to be paid to A's estate for the balance of the term. A's interest is a qualified unitrust interest to the extent of the right to receive the unitrust payment for 10 years or until A's prior death.

> Example 6. The facts are the same as in Example 5, except that if A dies within the 10-year term the unitrust amount will be paid to A's estate for an additional 35 years. The result is the same as in Example 5, because the 10-year term is the only term that is fixed and ascertainable at the creation of the interest. [Sec. 25.2702-3(e), Example (5) and Example (6), Gift Tax Regs.]

In each of these examples, only the retained interest for the shorter of a term of years or the transferor's life is fixed and ascertainable at the creation of the interest, and is therefore a qualified interest under section 2702. In Example (5) and Example (6) above, the unitrust interests that may be paid to A's estate are both contingent upon A's death before the completion of the 10-year fixed term, and are therefore not qualified interests. In the trusts before us, the spousal interests are not fixed and ascertainable at the creation of the trusts but, rather, are contingent in each case upon the spouse's surviving the grantor. For this reason, the spousal interests are not qualified interests and therefore must be valued as zero under section 2702(a)(2)(A).

Legislative history reflects that Congress was "concerned about potential estate and gift tax valuation abuses", specifically, "undervaluation of gifts valued pursuant to Treasury tables." 136 Cong. Rec. S15629, S15680-S15681 (daily ed. Oct. 18, 1990). As explained by the lawmakers in the context of trusts and term interests in property: "Because the taxpayer decides what property to give, when to give it, and often controls the return on the property, use of Treasury tables undervalues the transferred interests in the aggregate, more

often than not." Id. at S15681. Hence, a statute was enacted which Congress intended would "deter abuse by making unfavorable assumptions regarding certain retained rights." Id. at S15680.

This congressional purpose is advanced by a rule which ensures that only value that is fixed and ascertainable at the creation of the trust, and therefore is not contingent, may reduce the value of the gift of the remainder. In contrast, if gifts in trust may be reduced by the value of spousal interests which are contingent and which in fact never take effect, the retained interests have the potential for overvaluation and the gift of the remainder for undervaluation. We are satisfied that such would be contrary to the intent of section 2702.

Moreover, even if we were to assume that the spousal interests here, standing alone, were qualified, the retained annuities to the extent based on two lives would fail to achieve qualified status for an additional reason. As previously noted, the regulations provide that retention of a power to revoke a qualified annuity interest (or unitrust interest) of the transferor's spouse is treated as the retention of a qualified annuity interest (or unitrust interest). See sec. 25.2702-2(a)(5), Gift Tax Regs. In each of the trusts under scrutiny, however, if the interest over which the grantor has retained a power to revoke is treated as an interest retained by the grantor, the requirement of section 25.2702-3(d)(3), Gift Tax

Regs., that the term of the annuity must be the lesser of a term of years or the life of the term holder has not been met.  Under the trust terms the spousal interests create the possibility that the retained annuity will extend beyond the life of the term holder; i.e., the grantor.  Section 25.2702-3(d)(3), Gift Tax Regs., precludes this result.

In contrast, the regulations contain examples of how revocable spousal annuity or unitrust interests may meet the standards of qualified interests under section 2702(b)(1) and sections 25.2702-1 and 25.2702-2, Gift Tax Regs.  Section 25.2702-2(d)(1), Example (6) and Example (7), Gift Tax Regs. (hereinafter Examples 6 and 7), demonstrates both how a revocable spousal interest may be properly fixed and ascertainable and how the total retained interest of the grantor and spouse may satisfy the durational requirement.  Examples 6 and 7, which illustrate petitioners' noncompliance with these standards, are as follows:

> Example 6.  A transfers property to an irrevocable trust, retaining the right to receive the income for 10 years.  Upon expiration of 10 years, the income of the trust is payable to A's spouse for 10 years if living.  Upon expiration of the spouse's interest, the trust terminates and the trust corpus is payable to A's child.  A retains the right to revoke the spouse's interest.  Because the transfer of property to the trust is not incomplete as to all interests in the property (i.e., A has made a completed gift of the remainder interest), section 2702 applies.  A's power to revoke the spouse's term interest is treated as a retained interest for purposes of section 2702.  Because no interest retained by A is a qualified interest, the amount of the gift is the fair market value of the property transferred to the trust.

Example 7. The facts are the same as in Example 6, except that both the term interest retained by A and the interest transferred to A's spouse (subject to A's right of revocation) are qualified annuity or unitrust interests. The amount of the gift is the fair market value of the property transferred to the trust reduced by the value of both A's qualified interest and the value of the qualified interest transferred to A's spouse (subject to A's power to revoke).

In Example 6, the transfer of property to the trust is not incomplete as to all interests in the property and section 2702 therefore applies (i.e., the gift of the remainder is a completed gift), but the retained interests--both A's and the spouse's--are nevertheless not qualified interests because the retained rights are rights to receive trust income, not annuity or unitrust amounts.

Conversely, in Example 7, A's interest and the revocable spousal interest are deemed to meet the requirements for qualified status. Under section 25.2702-2(a)(5), Gift Tax Regs., A's power to revoke the spouse's interest is treated as an interest retained by A. The interests of both A and his or her spouse, at the creation of the trust, are fixed and ascertainable, and not contingent upon A's death. A is deemed to have retained interests, the total term of which is 20 years. Both interests are thus properly taken into account in valuing the remainder.

Therefore, because the spousal interests in each GRAT in the case before us are not fixed and ascertainable at the inception

of the GRAT, and are therefore contingent, and because the retained interests may extend beyond the shorter of a term of years or the period ending upon the death of the grantor, we hold that the retained interests in the trusts at issue here are to be valued as single-life annuities.  See secs. 25.2702-3(d)(3) and 25.2702-2(a)(5), Gift Tax Regs.  We sustain respondent's determinations to that effect.

We have considered other arguments made by the parties, and to the extent not addressed, we find them to be unconvincing, irrelevant, or moot.

To reflect the foregoing,

<u>An Order will be issued denying petitioners' Motion for Partial Summary Judgment and granting respondent's Motion for Partial Summary Judgment.</u>