T.C. Memo. 2001-110


UNITED STATES TAX COURT


PATRICIA A. SCHOTT, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

STEPHEN C. SCHOTT, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket Nos. 469-00, 470-00.                Filed May 9, 2001.


Scott A. Bieber, for petitioners.

Catherine M. Thayer, James A. Whitten, and William E.
Bogner, for respondent.


MEMORANDUM OPINION

COHEN, Judge:  Respondent determined Federal gift tax
deficiencies for 1994 in docket No. 469-00 in the amount of
$126,080 and in docket No. 470-00 in the amount of $137,953.

The issue for decision in these consolidated cases is whether a successor annuity interest of a spouse in a retained two-life annuity is a qualified interest that is subject to valuation pursuant to section 2702. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect on the date of the transfers, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted these cases fully stipulated pursuant to Rule 122. The stipulated facts are incorporated by this reference. At the time of the filing of the petitions in these cases, petitioners resided in Los Altos, California. Petitioners owned 90 percent of the outstanding stock of SCS Development Company (company), a closely held corporation that develops, constructs, and sells single-family houses.

On May 31, 1994, Stephen C. Schott (Mr. Schott) created the Stephen C. Schott 1994 Qualified Annuity Trust, a grantor retained annuity trust (GRAT) in which Mr. Schott was both the grantor and trustee. On that same day, Patricia A. Schott (Mrs. Schott) created the Patricia A. Schott 1994 Qualified Annuity Trust, a GRAT in which Mrs. Schott was both the grantor and trustee. Each GRAT was funded by 11,400 shares of stock in the company that were valued at $5,394,929.50.

Each GRAT provided for fixed annual annuity payments in an amount equal to 11.54 percent of the initial fair market value of the assets that were contributed.  The annuity was to be paid to the grantor commencing on May 31, 1994, and ending on the date that was 15 years after the commencement date or, if sooner, on the date of death of the grantor.  If the grantor died prior to the end of the 15-year term, the annuity was to be paid to the spouse for the balance of the term, unless this right had been previously revoked by the grantor.  If the grantor died prior to the end of the 15-year term, and if the spouse did not survive the grantor or if the grantor had revoked the interest of the spouse, the annuity payments would cease, and the remaining GRAT property would be held in trust for the surviving spouse or for the descendants of the grantor.  For the Stephen C. Schott 1994 Qualified Annuity Trust, if the grantor survived the 15-year term, the assets remaining in the GRAT would be held in trust for the grantor's spouse, if then living, or otherwise for the grantor's descendants.  For the Patricia A. Schott 1994 Qualified Annuity Trust, if the grantor survived the 15-year term, the assets remaining in the GRAT would be held in trust for the grantor's descendants.

During the annuity term, distribution of trust income or principal could not be made to any person other than the grantor during the life of the grantor.  In the event that the grantor

died and the spouse received the annuity, distribution of income or principal could not be made to any person other than the spouse during the life of the spouse. Each GRAT was irrevocable except that the grantor retained the right to revoke the successor interest of his or her spouse in the annuity.

Each GRAT provided that the grantor intended to create a "qualified interest", as defined in section 2702(b)(1), and that the provisions of the GRAT document were to be construed in accord with that intent. Each GRAT document further provided that, if the initial fair market value of the assets that were contributed was incorrectly determined, the trustee would either pay to or recover from the grantor or his or her spouse the amount necessary to account for the undervaluation or overvaluation of the assets within a reasonable period after the final Federal tax determination of the correct value. Each GRAT document also prohibited commutation of the annuity interest and additional contributions to the GRAT's, after the initial funding.

<u>Discussion</u>

Petitioners assert that the interests in the annuities that were given to each spouse are qualified interests under section 2702 and that the retained interests are single annuities based on two lives, referred to as dual-life annuities. Petitioners contend that the retained interests in the annuities should be

valued as interests for the term of 15 years or for the lives of the grantor and spouse, whichever is shorter.  Respondent asserts that the interests in the annuities that were given to each spouse are not qualified interests and that the retained interests are single-life annuities.  Respondent contends that the retained interests in the annuities should be valued as interests for the term of 15 years or for the life of the grantor, whichever is shorter.  Valuation of a retained interest as a dual-life annuity produces a greater retained value than valuation as a single-life annuity and, correspondingly, reduces the amount of the taxable gift of the remainder.

Section 2501 imposes a tax for each calendar year on the transfer of property by gift.  A gift of property is valued as of the date of the transfer.  See sec. 2512(a).  Generally, where property is transferred in trust but the donor retains an interest in such property, the value of the gift is the value of the property that is transferred, less the value of the donor's retained interest.  See sec. 25.2512-5A(e), Gift Tax Regs.  However, if the gift in trust is to a family member (as defined in section 2704(c)(2)), the value of the gift is determined subject to the limitations of section 2702.

Section 2702 provides:

SEC. 2702.   SPECIAL VALUATION RULES IN CASE OF
             TRANSFERS OF INTERESTS IN TRUSTS.

    (a) Valuation Rules.--

        (1) In general.--Solely for purposes of
    determining--whether a transfer of an interest in
    trust to (or for the benefit of) a member of the
    transferor's family is a gift (and the value of
    such transfer), the value of any interest in such
    trust retained by the transferor or any applicable
    family member * * * shall be determined as
    provided in paragraph (2).

        (2) Valuation of retained interests.--

            (A) In general.--The value of any
        retained interest which is not a qualified
        interest shall be treated as being zero.

            (B) Valuation of qualified interest.--
        The value of any retained interest which is a
        qualified interest shall be determined under
        section 7520 [providing for use of valuation
        table prescribed by the Secretary for
        annuities, life interests, etc.].

    *       *       *       *       *       *       *

    (b) Qualified Interest.--For purposes of this
section, the term "qualified interest" means--

        (1) any interest which consists of the right
    to receive fixed amounts payable not less
    frequently than annually,

        (2) any interest which consists of the right
    to receive amounts which are payable not less
    frequently than annually and are a fixed
    percentage of the fair market value of the
    property in the trust (determined annually), and

        (3) any noncontingent remainder interest if
    all of the other interests in the trust consist of
    interests described in paragraph (1) or (2).

Regulations promulgated under section 2702 expand the definition of "qualified interest" in the following manner:

> Qualified interest means a qualified annuity interest, a qualified unitrust interest, or a qualified remainder interest.  <u>Retention of a power to revoke a qualified annuity interest</u> * * * <u>of the transferor's spouse is treated as the retention of a qualified annuity interest</u> * * *.  [Sec. 25.2702-2(a)(5), Gift Tax Regs.; emphasis added.]

"A qualified annuity interest is an irrevocable right to receive a fixed amount * * * payable to (or for the benefit of) the holder of the annuity interest for each taxable year of the term."  Sec. 25.2702-3(b)(1)(i), Gift Tax Regs.  The term of a qualified annuity interest must be fixed and ascertainable at the creation of a GRAT.  See <u>Cook v. Commissioner</u>, 115 T.C. 15, 23 (2000); sec. 25.2702-3(e), <u>Example</u> (<u>6</u>), Gift Tax Regs.  A qualified annuity interest cannot be a contingent interest that may in fact never take effect.  See <u>id.</u>  A fixed amount is either a stated dollar amount or a fixed fraction or percentage (not to exceed 120 percent of the fixed fraction or percentage payable in the preceding year) of the initial fair market value of the property that is being transferred to the trust as finally determined for Federal tax purposes.  See sec. 25.2702-3(b)(1)(ii), Gift Tax Regs.  In either case, a fixed amount must be payable periodically but not less frequently than annually.  See <u>id.</u>

The trust instrument must also prohibit distributions from the trust to or for the benefit of any person other than the holder of the qualified annuity interest during the term of the qualified interest. See sec. 25.2702-3(d)(2), Gift Tax Regs. The term of the annuity interest must be fixed by the trust instrument "for the life of the term holder, for a specified term of years, or for the shorter (but not the longer) of those periods." Sec. 25.2702-3(d)(3), Gift Tax Regs.

For purposes of section 2702, a transfer of an interest in property with respect to which there are one or more term interests is treated as a transfer in trust. See sec. 2702(c)(1). "A term interest is one of a series of successive (as contrasted with concurrent) interests." Sec. 25.2702-4(a), Gift Tax Regs.

Petitioners' argument, that the retained interests in the annuities should be valued as interests for the term of 15 years or for the lives of the grantor and spouse, is essentially the same as the argument we rejected in Cook v. Commissioner, supra, a case with nearly identical facts to those of the cases at hand. In Cook, the taxpayers, husband and wife, each created two GRAT's. The grantor of each GRAT retained an annuity for a stated term of years. If the grantor died before the expiration of the stated term of years and was survived by the spouse, the annuity continued for the spouse until the earlier of his or her

death or the expiration of the stated term.  If the grantor died before the expiration of the stated term of years and was not survived by the spouse, the term of the annuity ended upon the death of the grantor.  In each trust, the grantor reserved the power to revoke the interest of the spouse.  The taxpayers argued that the value of the remainder interest in each GRAT, of which the grantor made a taxable gift, was the value of the assets that were contributed to the trust, reduced by the value of a dual-life annuity.  See id. at 16-20.

In Cook, the Court decided that, because the spousal interest in each GRAT was not fixed and ascertainable at the inception of the GRAT, the spousal interest was contingent on the spouse's surviving the grantor.  Furthermore, the Court held that each spousal interest was not a qualified interest, because the spousal interest was subject to revocation by the grantor, and, therefore, if treated as a retained interest of the grantor pursuant to section 25.2702-2(a)(5), Gift Tax Regs., the requirement of section 25.2702-3(d)(3), Gift Tax Regs., would not be met.  See Cook v. Commissioner, supra at 23-26.

As a retained interest of the grantor, the possibility existed that each retained annuity would extend for the life of the spouse, which could be beyond the life of the term holder, i.e., the grantor, but less than a specified term of years. Thus, each retained interest violated section 25.2702-3(d)(3),

Gift Tax Regs., which provides that the term of the annuity interest must be fixed by the trust instrument for one of three terms: (1) The life of the term holder, (2) a specified term of years, or (3) the shorter (but not the longer) of those periods. For these reasons, the spousal interests were valued at zero under section 2702(a)(2)(A). See id. at 24-25. Petitioners acknowledge that Cook is applicable to this issue but argue that Cook was incorrectly decided. However, we find no reason to reach a result that is different from the result in Cook.

As part of the analysis in Cook, the Court relied on section 25.2702-2(d)(1), Examples (6) and (7), Gift Tax Regs. Examples (6) and (7) are as follows:

> Example 6. A transfers property to an irrevocable trust, retaining the right to receive the income for 10 years. Upon expiration of 10 years, the income of the trust is payable to A's spouse for 10 years if living. Upon expiration of the spouse's interest, the trust terminates and the trust corpus is payable to A's child. A retains the right to revoke the spouse's interest. Because the transfer of property to the trust is not incomplete as to all interests in the property (i.e., A has made a completed gift of the remainder interest), section 2702 applies. A's power to revoke the spouse's term interest is treated as a retained interest for purposes of section 2702. Because no interest retained by A is a qualified interest, the amount of the gift is the fair market value of the property transferred to the trust.
>
> Example 7. The facts are the same as in Example 6, except that both the term interest retained by A and the interest transferred to A's spouse (subject to A's right of revocation) are qualified annuity or unitrust interests. The amount of the gift is the fair market value of the property transferred to

the trust reduced by the value of both A's qualified interest and the value of the qualified interest transferred to A's spouse (subject to A's power to revoke).

The Court noted that, in Example (7), the revocable spousal interest is treated as an interest retained by A and that A's direct interest and the revocable spousal interest are both qualified interests pursuant to section 2702(b).  The interests of both A and his or her spouse, at the creation of the trust, are fixed and ascertainable for specified 10-year terms and are not contingent upon A's death or the spouse's death.  Furthermore, the Court noted that, because the interests were for a collective 20-year specified term, Example (7) was an illustration of how a grantor could retain a power of revocation over a spousal interest that did not extend beyond the life of the term holder, a specified term of years, or the shorter (but not the longer) of those periods.  See Cook v. Commissioner, supra at 25-26.

Petitioners claim that the holding in Cook is inconsistent with Example (7).  Petitioners argue that Example (7) provides that the spouse's receipt of payments from the trust is contingent upon the spouse's living beyond the 10-year period of A's interest, i.e., the grantor's interest.  Petitioners contend that there is a possibility that the spouse in Example (7) will receive nothing, and, yet, Example (7) holds that the interest of

the spouse is a qualified interest. Thus, petitioners claim that the requirement in section 25.2702-3(b)(1)(i), Gift Tax Regs., that an interest be fixed was only intended to prevent interests such as the interest in section 25.2702-3(e), Example (6), Gift Tax Regs., from satisfying the definition of a qualified interest. Section 25.2702-3(e), Examples (5) and (6), Gift Tax Regs., incorporates the same factual scenario:

> Example 5. A transfers property to an irrevocable trust, retaining the right to receive 5 percent of the net fair market value of the trust property, valued annually, for 10 years. If A dies within the 10-year term, the unitrust amount is to be paid to A's estate for the balance of the term. A's interest is a qualified unitrust interest to the extent of the right to receive the unitrust payment for 10 years or until A's prior death.

> Example 6. The facts are the same as Example 5, except that if A dies within the 10-year term the unitrust amount will be paid to A's estate for an additional 35 years. The result is the same as in Example 5, because the 10-year term is the only term that is fixed and ascertainable at the creation of the interest.

Reliance by petitioners on section 25.2702-2(d)(1), Example (7), Gift Tax Regs., for the proposition that a contingent interest can be a qualified interest under section 2702(b) is misplaced. Petitioners misread Example (7) to include a nonfixed, contingent spousal interest, on the premise that the trust will only make payments to the spouse if the spouse is living at the end of the grantor's 10-year term interest. Petitioners' interpretation of the example concentrates on the

language that reads: "Upon expiration of [A's] 10 years, the income of the trust is payable to A's spouse for 10 years <u>if living</u>." Sec. 25.2702-2(d), <u>Example</u> (<u>6</u>), Gift Tax Regs. (Emphasis added.) However, the spousal interest in Examples (6) and (7) is a fixed, noncontingent spousal interest for a term of 10 years, and the spouse or the estate of the spouse will receive payments from the GRAT whether or not the spouse is living at the end of the 10-year term of the grantor.

To hold that Examples (6) and (7) contain a contingent spousal interest would ignore other language in the examples that states: "<u>Upon expiration of the spouse's interest</u>, the trust terminates and the trust corpus is payable to A's child." Sec. 25.2702-2(d), <u>Example</u> (<u>6</u>), Gift Tax Regs. (Emphasis added.) This sentence reflects that the remainder interest of the child will vest only after the expiration of the 10-year term of the spouse. The "if living" language in Example (6), relied on by petitioners, should be interpreted to read that, if the spouse is living at the end of the grantor's 10-year term, annuity payments shall be payable to the spouse, but, if the spouse is not living at the end of the grantor's 10-year term, the spouse's 10-year term interest is payable to the estate of the spouse.

Petitioners also argue that dual-life annuities should be treated as qualified interests in valuing remainder interests in GRAT's because dual-life annuities are respected in valuing

charitable remainder trusts.  Petitioners rely on the legislative history of section 2702, which states that qualified interests under section 2702 "are similar to those permitted in charitable split interest trusts under section 664."  136 Cong. Rec. S15629, S15682 n.30 (daily ed. Oct. 18, 1990) (Explanatory Material Concerning Committee on Finance 1990 Reconciliation Submission Pursuant to House Concurrent Resolution 310).

Section 664(d) defines a charitable remainder annuity trust as follows:

> (d) Definitions.--
>
> (1) Charitable remainder annuity trust.--For purposes of this section, a charitable remainder annuity trust is a trust--
>
> (A) from which a sum certain (which is not less than 5 percent of the initial net fair market value of all property placed in trust) is to be paid, not less often than annually, to one or more persons (at least one of which is not an organization described in section 170(c) and, in the case of individuals, only to an individual who is living at the time of the creation of the trust) for a term of years (not in excess of 20 years) or for the <u>life or lives</u> of such individual or individuals * * *.  [Emphasis added.]

If Congress intended to include dual-life annuities in the definition of a qualified interest for valuing the remainder interests of GRAT's, Congress could have included similar "life or lives" language in section 2702.  Instead, section 2702 is silent as to what constitutes an acceptable term for a qualified

interest. However, the regulations under section 2702 state that the term of a qualified annuity "must be for the <u>life of the term holder</u>, for a specified term of years, or for the shorter (but not the longer) of those periods." Sec. 25.2702-3(d)(3), Gift Tax Regs. (Emphasis added.) The term restrictions that are found in the regulations are consistent with the purpose of section 2702, which is to deter the potential valuation abuse that is inherent in using actuarial tables by making unfavorable assumptions regarding certain retained rights. See 136 Cong. Rec. S15629, S15680-S15681 (daily ed. Oct. 18, 1990); <u>Cook v. Commissioner</u>, <u>supra</u> at 24. Thus, the general intent of Congress to conform qualified interests in valuing GRAT's with charitable split interest trusts did not include dual-life annuities.

Our holding, that the spousal interest in each GRAT that was created by petitioners is not a qualified interest under section 2702(b), is distinguishable from the previous decision of the Court in <u>Walton v. Commissioner</u>, 115 T.C. 589 (2000). In <u>Walton</u>, the taxpayer established two GRAT's in which the taxpayer retained annuity rights. In the event that the taxpayer died prior to the expiration of the annuity term, the remaining scheduled annuity payments were to be made to the estate of the taxpayer. The balance of the GRAT property would then be paid to the remainder beneficiaries at the expiration of the annuity term. See <u>id.</u> at 590-591.

As part of the analysis, the Court in <u>Walton</u> found that the interest of the estate could not be bifurcated from the retained interest of the taxpayer.  See <u>id.</u> at 602.  The Court noted that an individual cannot make a gift to himself or to his or her own estate.  See <u>id.</u> at 595.  Therefore, the Court held that, for purposes of determining the value under section 2702, the taxpayer's retained interest should be valued as an annuity for a specified term of years, rather than as an annuity for the shorter of a term certain or for the period ending upon the taxpayer's death.

The dual-life annuity, in the cases at hand, differs from the annuity for a specified term of years in <u>Walton</u>, in that, with the dual-life annuity, the value of the remainder interest would be reduced for a contingent spousal interest that may in fact never take effect.  Furthermore, the retained interests in <u>Walton</u> satisfied one of the three term requirements of section 25.2702-3(d)(3), Gift Tax Regs.

We have considered all remaining arguments made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, they are irrelevant or without merit.

To reflect the foregoing and the concessions of the parties,

<u>Decisions will be entered</u>

<u>under Rule 155.</u>