T.C. Memo. 2021-115

UNITED STATES TAX COURT

CARL L. GREGORY AND LEILA GREGORY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10336-18.                     Filed September 29, 2021.

<u>Vivian D. Hoard</u>, for petitioners.

<u>John T. Arthur</u> and <u>Rubinder K. Bal</u>, for respondent.

MEMORANDUM OPINION

JONES, <u>Judge</u>:  Pursuant to section 6213(a),[1] petitioners Carl L. Gregory

and Leila Gregory (Gregorys) seek redetermination of deficiencies in Federal

---

[1]Unless indicated otherwise, all section references are to the Internal
Revenue Code (Code) in effect at all relevant times, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to
the nearest dollar.

[*2] income tax and accuracy-related penalties determined by the Internal Revenue Service (IRS) for taxable years 2014 and 2015. Pending before the Court is the Gregorys' motion for partial summary judgment,[2] which requests that we hold as a matter of law that the deductions permitted under section 183(b) for activities not engaged in for profit are not subject to section 67(a) (i.e., the 2-percent floor on miscellaneous itemized deductions). For the reasons set forth below, we will deny the Gregorys' motion.

## Background

The following statements are drawn from the petition and the parties' motion papers. They are stated only for purposes of resolving the motion and not as findings of fact in this case. See Rule 1(b); Fed. R. Civ. P. 52(a)(3); Cook v. Commissioner, 115 T.C. 15, 16 (2000).

During the years at issue, 2014 and 2015, the Gregorys operated CLC Ventures, Ltd. (CLC), which generated income and incurred expenses from boat

---

[2]The Gregorys titled their motion a motion for summary judgment. However, the issue of the determined accuracy-related penalties remains outstanding for adjudication (the Gregorys did not address the penalties in their motion). The Court will therefore refer to the motion as a motion for partial summary judgment. An appropriate order will be issued recharacterizing the document's title on the docket.

[*3] chartering activities. CLC was incorporated in the Cayman Islands and elected to be treated as a disregarded entity in 2012.

The Gregorys jointly filed tax returns for the years at issue and reported the income and expenses from their CLC activity on Schedules C, Profit or Loss From Business. Upon selection for examination and subsequent audit, the IRS issued a notice of deficiency dated March 1, 2018, determining deficiencies in Federal income tax for taxable years 2014 and 2015 of $139,268 and $127,953, respectively.[3] Among other things, the IRS recharacterized the gross receipts and "other income" (totaling $342,173 and $313,825 for the respective years at issue) the Gregorys had reported on their Schedules C as non-Schedule C "other income", after concluding they lacked a profit motive with respect to their CLC activity.[4] The IRS also recharacterized the reported Schedule C expenses as miscellaneous itemized deductions to the extent allowable under section 183, with the exception of expenses reported for "taxes and licenses". These expenses, totaling $750 and $126 for the respective years at issue, were recharacterized as non-miscellaneous

---

[3]The notice also determined respective sec. 6662(a) accuracy-related penalties of $27,854 and $25,591.

[4]The Gregorys do not dispute that they lacked a profit motive with respect to their CLC activity during the years at issue.

[*4] itemized deductions for taxes.[5] The Gregorys' total miscellaneous itemized

deductions for the respective years at issue were adjusted upwards by $341,423

and $313,699 pursuant to section 183(b)(2).[6] However, because the Gregorys'

total miscellaneous itemized deductions for both years at issue were less than 2

percent of their adjusted gross income (AGI), no deductions for the CLC expenses

(with the exception of the tax expenses) were ultimately permitted pursuant to

section 67(a).[7]

On May 29, 2018, the Gregorys timely filed their petition for

redetermination of the deficiencies and accuracy-related penalties. When the

---

[5]Sec. 164(a) permits a deduction for amounts paid or accrued for certain taxes.

[6]Under sec. 183(b), total deductions attributable to an activity not engaged in for profit are generally capped to gross income from that activity. See Zenzen v. Commissioner, T.C. Memo. 2011-167, 2011 Tax Ct. Memo LEXIS 166, at *6. Thus, the total adjustment amounts for miscellaneous itemized deductions for CLC expenses reflect the Gregorys' gross income from CLC activity, $342,173 (2014) and $313,825 (2015), less the amounts permitted as deductions for taxes paid attributable to CLC activity, $750 (2014) and $126 (2015).

[7]Sec. 67(a) provides that an individual taxpayer may deduct miscellaneous itemized deductions only to the extent the aggregate of such deductions exceeds 2 percent of the taxpayer's AGI. This limitation is commonly referred to as the 2-percent floor.

**[\*5]** Gregorys filed their petition, Carl L. Gregory resided in Alabama and Leila Gregory resided in Florida.[8]

On March 6, 2020, the Gregorys filed the instant motion requesting that the Court hold as a matter of law that the deductions provided under section 183(b) for activities not engaged in for profit are not subject to section 67(a)'s 2-percent floor on miscellaneous itemized deductions. In support thereof, the Gregorys argue (i) that the plain language of section 183 provides that it is an above-the-line deduction, (ii) that under the rules of statutory construction, a general statute such as section 67 cannot supersede a previously enacted specific statute such as section 183(b), and (iii) that section 1.67-1T, Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988), which provides that section 183(b) deductions are subject to the 2-percent floor on miscellaneous itemized deductions, is invalid.

Discussion

I.     Summary Judgment Standard

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact

---

[8]Absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Eleventh Circuit. See sec. 7482(b)(1)(A).

**[*6]** and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in a light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in its pleadings and must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Upon review of the parties' motion papers and pleadings, we conclude that a decision may be rendered as a matter of law.

## II.    Section 183:  Activities Not Engaged In for Profit

Section 183(a) generally provides that an individual taxpayer may not claim deductions attributable to an activity not engaged in for profit except as provided in that section. Section 183(b) then provides that

there shall be allowed--

(1)  the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and

(2)  a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross

[*7]  income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1).

In other words, section 183(b)(1) permits the Gregorys to claim deductions, with respect to expenses attributable to their CLC activity, that are not predicated on the existence of a profit motive.  See Powell v. Commissioner, T.C. Memo. 1986-369, 1986 Tax Ct. Memo LEXIS 242, at *17-*18.  Section 183(b)(2) allows the balance of such deduction(s) otherwise permitted had the CLC activity been engaged in for profit, but only to the extent gross income from CLC activity exceeds the deductions allowed under section 183(b)(1).[9]  See id.

As a preliminary matter, we must address the scope of the Gregorys' motion, which asks the Court to decide whether section 67(a) applies to section 183(b).  Upon initial review of the parties' motion papers, we ordered the Gregorys to clarify whether they intended to place both section 183(b)(1) and (2) at issue, which they confirmed on July 15, 2021.  However, application of section 183(b)(1)

---

[9]As stated previously, the IRS permitted the Gregorys, by operation of sec. 183(b)(1), sec. 164(a) deductions totaling $750 (2014) and $126 (2015) for taxes paid with respect to their CLC activity.  Because CLC gross income for taxable year 2014 was $342,173, the IRS permitted the Gregorys a sec. 183(b)(2) deduction of $341,423 for that year (i.e., $342,173 less $750).  Because CLC gross income for taxable year 2015 was $313,825, the IRS permitted the Gregorys a sec. 183(b)(2) deduction of $313,699 for that year (i.e., $313,825 less $126).  The sec. 183(b)(2) deductions appear as upward adjustments to miscellaneous itemized deductions in the worksheets attached to the notice of deficiency.

[*8] in the IRS examination of the Gregorys' returns resulted in section 164(a) deductions for CLC tax expenses, which the IRS treated as non-miscellaneous itemized deductions (i.e., not subject to section 67(a)'s 2-percent floor). The remaining CLC expenses were aggregated and permitted as deductions to the extent allowed under section 183(b)(2). Consequently, we decline to address the Gregorys' motion to the extent it requests the Court to hold that section 67(a) does not apply to section 183(b)(1), as we find that issue is moot; the section 164(a) deductions for tax expenses permitted via section 183(b)(1) were not treated as though they were miscellaneous itemized deductions subject to the 2-percent floor. Thus, the specific legal question before the Court is whether section 183(b)(2) constitutes a miscellaneous itemized deduction subject to the 2-percent floor established by section 67(a).

> A. <u>Section 183(b)(2) Constitutes a Miscellaneous Itemized Deduction Subject to Section 67(a)</u>.

Section 63(d) defines itemized deductions as deductions other than (i) those allowable in computing AGI and (ii) the deduction for personal exemptions allowed under section 151. Section 183(b)(2) is not identified as a deduction allowable in computing AGI. <u>See</u> sec. 62(a). Consequently, section 183(b)(2) is properly viewed as an itemized deduction. The broader statutory scheme confirms as much; section 183(b)(2) is enumerated under Part VI, Itemized Deductions for

[*9] Individuals and Corporations, of Subchapter B, Computation of Taxable Income. As the title of Part VI suggests, section 183(b)(2) is by default an itemized deduction, and nothing in the text of section 183 or another provision of the Code suggests otherwise.

In turn, section 67(a) provides that "[i]n the case of an individual, the miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." Miscellaneous itemized deductions are defined as itemized deductions other than those described in section 67(b). See sec. 67(b). Thus, if an itemized deduction, such as section 183(b)(2), is not identified on the list provided under section 67(b), it is a miscellaneous itemized deduction and therefore subject to the restriction provided under section 67(a).

Section 183(b)(2) is not one of the recognized deductions listed or otherwise described under section 67(b). See sec. 67(b). Consequently, section 183(b)(2) constitutes a miscellaneous itemized deduction, and section 67(a)'s 2-percent floor applies to deductions claimed thereunder.

This holding is consistent with earlier statements made by this Court in dicta. See, e.g., Strode v. Commissioner, T.C. Memo. 2015-117, at *32 n.12 (stating in a footnote that deductions claimed under section 183(b)(2) are subject to

**[\*10]** section 67(a)'s 2-percent floor for miscellaneous itemized deduction); <u>see also</u> <u>Bailey v. Commissioner</u>, T.C. Memo. 2012-96, 2012 Tax Ct. Memo LEXIS 99, at \*102; <u>Baldwin v. Commissioner</u>, T.C. Memo. 2002-162, 2002 Tax Ct. Memo LEXIS 168, at \*67 n.24. Furthermore, this holding is also consistent with the view of at least one other court. <u>See</u> <u>Purdey v. United States</u>, 39 Fed. Cl. 413, 417 (1997) ("[D]eductions solely permitted pursuant to § 183(b)(2) <u>are</u> miscellaneous itemized deductions.").

    B.    <u>The Gregorys' Arguments Fail To Establish Otherwise</u>.

Notwithstanding the preceding analysis, the Gregorys urge this Court to hold that section 183(b)(2) is not subject to section 67(a)'s 2-percent floor for the following reasons: (i) because the plain language of section 183 provides that it is an above-the-line deduction, (ii) because under the rules of statutory construction, a general statute such as section 67 cannot supersede a previously enacted specific statute such as section 183(b), and (iii) because section 1.67-1T, Temporary Income Tax Regs., <u>supra</u>, which provides that section 183(b) deductions are subject to the 2-percent floor on miscellaneous itemized deductions, is invalid. We address each of their arguments in turn.

**[*11]**      1.      <u>The Plain Language of Section 183 Does Not Support the Gregorys' Contention That Section 183(b)(2) Is an Above-the-Line Deduction</u>.

"Above-the-line" deduction is not defined by the Code; however, the term is understood to mean a deduction applied against gross income in calculating AGI. See <u>Knight v. Commissioner</u>, 552 U.S. 181, 184 (2008). Above-the-line deductions are identified in section 62(a) and are not subject to the 2-percent floor applicable to miscellaneous itemized deductions because they are not itemized deductions. <u>See</u> sec. 63(d) (providing that itemized deductions are deductions <u>other than those allowable in arriving at AGI</u> and the deduction for personal exemptions allowed under section 151).

The Gregorys misleadingly claim that the plain language of section 183(b)(2) supports their view that it is an above-the-line deduction, placing particular emphasis on the language in section 183(b)(2) capping the amount of the deduction to gross income derived from the underlying activity (less the deduction(s) allowable by reason of section 183(b)(1)). We find this line of argument unpersuasive.

The language they point to in support of their argument concerns only the maximum permissible amount of the deduction. It does not instruct taxpayers to apply the deduction itself against gross income for purposes of calculating AGI.

**[\*12]** Moreover, the plain language of section 62(a) makes clear which deductions are to be applied against gross income in calculating AGI (i.e., above-the-line), none of which are section 183(b)(2).

To the extent the Gregorys make the ancillary argument that nothing in the plain language of section 183 subjects the deductions permitted thereunder to the 2-percent floor on miscellaneous itemized deductions, we refer them to the plain language of section 67, which defines the scope of its applicability in subsection (b).  See discussion supra part II.A; see also In re Shek, 947 F.3d 770, 776-777 (11th Cir. 2020) ("Statutory provisions are not written in isolation and do not operate in isolation, so we cannot read them in isolation.").

> 2.    The Gregorys Erroneously Assert a Conflict Exists Between Sections 67 and 183(b).

The Gregorys also argue that under the rules of statutory construction, a general statute such as section 67 may not supersede a previously enacted specific statute such as section 183(b), citing Eleventh Circuit precedent as set forth in United States v. Jim, 891 F.3d 1242, 1250-1251 (11th Cir. 2018) (finding no implicit repeal of a provision of the Indian Gaming Revenue Act, subjecting tribal distributions of gaming revenue to Federal taxation, by a subsequently enacted provision of the Tribal General Welfare Exclusion Act, exempting payments made through tribal government programs to its members from Federal taxation).

**[\*13]** Without determining the veracity of the Gregorys' respective characterizations of sections 67 and 183(b) as general and specific statutes, we find this line of argument similarly unpersuasive; it assumes there is conflict between these two provisions of the Code when in fact each provision may be given effect without precluding or otherwise undermining application of the other. See discussion supra part II.A. In the absence of a conflict between sections 67 and 183(b), we find the Gregorys' reliance on Jim misplaced. See also Williams v. Commissioner, 151 T.C. 1, 8 (2018) ("If * * * two statutes can coexist, it is the duty of the courts to give effect to both.").

3.  Our Holding Does Not Depend on the Validity of Section 1.67T, Temporary Income Tax Regs.

As to the Gregorys' claim that section 1.67-1T, Temporary Income Tax Regs., supra, is invalid, we decline to further address this line of argument, as the Court's holding in this opinion does not rely on the validity of the regulation. The relevant statutory language alone establishes that section 183(b)(2) is a miscellaneous itemized deduction subject to section 67(a)'s 2-percent floor. See discussion supra part II.A.

**[*14]** III.    <u>Conclusion</u>

In sum, we hold that section 183(b)(2) constitutes a miscellaneous itemized deduction subject to section 67(a)'s 2-percent floor.  Consequently, we will deny the Gregorys' motion for partial summary judgment.

We have considered all of the arguments made by the parties, and to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.  To reflect the foregoing,

<u>An appropriate order will be issued</u>.