Patricia A. SCHOTT, Stephen C. Schott, Petitioners–Appellants,

v.

COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.

No. 02–70007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Filed Feb. 18, 2003.

---

George N. Harris, Jr., Kozusko Lahey Harris LLP, Washington, D.C., for the petitioners-appellants.

Rachel Wollitzer, Attorney, Tax Division, Department of Justice, Washington, D.C., for the respondent-appellee.

Ellen K. Harrison, Amicus Curiae The American College of Trust and Estate Counsel.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

NOONAN, Circuit Judge.

Stephen C. Schott and Patricia A. Schott petition for review of a judgment of the Tax Court sustaining a deficiency in gift tax assessed by the Commissioner of Internal Revenue (the Commissioner). The question presented is whether the two-life annuity retained by the Schotts in their grantor-retained annuity trusts (GRATs) is an interest qualified under 26 U.S.C. § 2702 and so to be subtracted from the value of the gift. We hold that the interest does qualify under Treasury Regula-

tions § 25.2702 and so reverse the Tax Court.

## FACTS

On May 31, 1994, Patricia A. Schott, aged fifty-four, transferred 11,400 shares of nonvoting common stock of SCS Development Corp. to herself as trustee of the Patricia A. Schott 1994 Qualified Annuity Trust, a grantor-retained annuity trust (GRAT). The trust provided that 11.54% of the initial net fair market value was to be paid to the grantor commencing on May 31, 1994, and ending on the date that was fifteen years after the commencement date or, if sooner, on the date of the death of the grantor. If the grantor died prior to the end of the fifteen-year term, the annuity was to be paid to the spouse for the balance of the term, unless the right had been previously revoked by the grantor. If the grantor died prior to the end of the fifteen-year term, and if the spouse did not survive the grantor or if the grantor had revoked the interest of the spouse, the annuity payments would cease, and the remaining GRAT property would be held in trust for the surviving spouse or for the descendants of the grantor.

On May 31, 1994, Stephen C. Schott, aged fifty-five, transferred 11,400 shares of nonvoting common stock of SCS Development to himself as trustee of the Stephen C. Schott Qualified Annuity Trust, also a GRAT. The terms of the annuity payments in the trust in material respects were identical with those of the trust established by his wife. For the Stephen C. Schott Trust, if the grantor survived the fifteen-year term, the assets remaining in the GRAT would be held in trust for the grantor's spouse, if then living, or otherwise for the grantor's descendants. For the Patricia A. Schott Trust, if the grantor survived the fifteen-year term, the assets remaining in

the GRAT would be held in trust for the grantor's descendants.

The Schotts each filed gift tax returns for 1994, showing the fair market value of the transfer to each trust as $4,046,197, the value of each two-life annuity created as $4,010,238 to be subtracted from the total transferred, leaving two taxable gifts of $35,959. The Commissioner found the annuities not to be qualified and assessed gift tax deficiencies of $126,680 against Patricia A. Schott and of $137,953 against Stephen C. Schott.

### PROCEEDINGS

The Schotts petitioned the Tax Court, which on May 9, 2001, by T.C. Memo 2001–110, 2001 WL 490402, upheld the Commissioner. The Tax Court held that an annuity measured by two lives was unqualified because the annuity could extend beyond the life of "the term holder." The Tax Court rejected the petitioners' reliance on Treas. Reg. § 25.2702–2(d) Example 7, which will be discussed below. The Tax Court distinguished *Walton v. Commissioner*, 115 T.C. 589, 596, 2000 WL 1899315 (2000), which treated as qualified an annuity to the taxpayer and, on her death, to her estate.

The Schotts petition this court for review.

### ANALYSIS

We start with the statute, 26 U.S.C. § 2702(b). It reads:

(b) Qualified Interest.—For purposes of this section, the term "qualified interest" means—

(1) any interest which consists of the right to receive fixed amounts payable not less frequently than annually.

(2) any interest which consists of the right to receive amounts which are payable not less frequently than annually and are a fixed percentage of the fair market value of the property in the trust (determined annually), and

(3) any noncontingent remainder interest if all of the other interests in the trust consist of interests described in paragraph (1) or (2).

Treasury Regulations § 25.2702–2, in relevant part, narrow this definition as follows:

(a) Definitions. The following definitions apply for purposes of section 2702 and the regulations thereunder. . . .

(5) Qualified interest. Qualified interest means a qualified annuity interest, a qualified unitrust interest, or a qualified remainder interest. Retention of a power to revoke a qualified annuity interest (or unitrust interest) of the transferor's spouse is treated as the retention of a qualified annuity interest (or unitrust interest).

(6) Qualified annuity interest. Qualified annuity interest means an interest that meets all the requirements of § 25.2702–3(b) and (d). . . .

(d) Examples.

(1) The following examples illustrate the rules of section § 25.2702–1 and § 25–2702–2. Each example assumes that all applicable requirements of those sections not specifically described in the example are met.

. . .

Example 6. A transfers property to an irrevocable trust, retaining the right to receive the income for 10 years. Upon expiration of 10 years, the income of the trust is payable to A's spouse for 10 years if living. Upon expiration of the spouse's interest, the trust terminates and the trust corpus is payable to A's child. A retains the right to revoke the spouse's interest. Because the transfer of property to the trust is not incomplete as to all interests in the property

(i.e., A has made a completed gift of the remainder interest), section 2702 applies. A's power to revoke the spouse's term interest is treated as a retained interest for purposes of section 2702. Because no interest retained by A is a qualified interest, the amount of the gift is the fair market value of the property transferred to the trust.

Example 7. The facts are the same as in Example 6, except that both the term interest retained by A and the interest transferred to A's spouse (subject to A's right of revocation) are qualified annuity or unitrust interests. The amount of the gift is the fair market value of the property transferred to the trust reduced by the value of both A's qualified interest and the value of the qualified interest transferred to A's spouse (subject to A's power to revoke).

On the face of it, the Schotts' trusts fit within Example 7 and are therefore qualified and deductible from the value of their gifts. The annuity in each Schott trust is a fixed percentage of the capital to the grantor for life, then to the grantor's spouse, with a fixed termination of fifteen years if the grantor and spouse live that long. A two-life annuity table makes the value of the gift ascertainable. The value of the grantor's power to revoke is treated as the retention of a qualified interest as specified in Treas. Reg. § 25.2702–2(a)(5).

The Commissioner argues that the Schott spouses have contingent and therefore unqualified interests, but that the provision in Example 7 that the spouse be living does not make that gift "contingent" and therefore unqualified. The distinction is not apparent. Neither the statute nor the regulations exclude contingent interests as such. Every annuity given to a person, if living, is contingent on that person's survival: yet life annuities as such are not excluded by the statute or the regulations.

The Commissioner argues that the date when the spouse's interest begins is not fixed because that date depends on the grantor's death. This argument merely restates an unfounded objection to life annuities. As the end of the grantor's life can be ascertained with acceptable probability by an annuity table, so can the date and duration of the spouse's annuity be ascertained with acceptable probability.

The Commissioner points to Treas. Reg. § 25.2702–3(d)(3) that states: "The term must be for the life of the term holder, for a specified term of years, or for the shorter (but not the longer) of those periods." The Commissioner argues that as "term holder" is in the singular, the use of the lives of two term holders is excluded. But singulars normally include plurals, just as "he" normally includes "she." *See, for example,* 1 U.S.C. § 1; Treas. Reg. § 403.5.

The Commissioner cites *Cook v. Commissioner,* 269 F.3d 854, 858 (7th Cir. 2001). *Cook* did treat an annuity to a grantor and spouse, if living, as unqualified; but there was an additional contingency in the trust, which could not be ascertained by any annuity table. The contingency was that the grantor and spouse be married at the time the spouse's annuity began. This contingency is different from the contingency necessarily built into interests dependent on a life.

The Commissioner contends that his position is not contrary to *Walton,* 115 T.C. at 603–04. That decision held an annuity to be qualified when it was in trust to the grantor for two years or until she died, whichever came first, the rest of the annuity in event of her death to her estate; the remainder to designated beneficiaries. The Commissioner contended that the interest of her estate was contingent and therefore unqualified; the Commissioner relied on Treas. Reg. § 25.2702–3(e) Ex-

ample 5 for his position. The Example reads as follows:

> Example 5. A transfers property to an irrevocable trust, retaining the right to receive 5 percent of the net fair market value of the trust property, valued annually, for 10 years. If A dies within the 10–year term, the unitrust amount is to be paid to A's estate for the balance of the term. A's interest is a qualified unitrust interest to the extent of the right to receive the unitrust payment for 10 years or until A's prior death.

Treas. Reg. § 25.2702–3(e). The Tax Court met his contention, stating "there exists no rationale for refusing to take into account for calculation purposes a retained interest of which both the form and the effect are consistent with the statute." *Id.* at 602. The Tax Court held Example 5 to be "an unreasonable interpretation and an invalid extension of § 2702." *Id.* at 604. The annuity was upheld as valid.

We need not go as far as the Tax Court to hold a regulation unreasonable and invalid. We hold only that the Commissioner's interpretation of Example 7 to exclude the contingency of the spouse being alive at the time her annuity begins is unreasonable and invalid. The annuity created by each Schott trust for the lives of the grantor and spouse or fifteen years is as qualified as the annuity in Example 7 paying a fixed amount for ten years to the grantor, then to the spouse if living. As the Tax Court pointed out, "the principal objective of section 2702 was to prevent undervaluation of gifted interests." *Id.* at 600. A two-life annuity, based on the lives of the grantor and spouse with a limit of fifteen years, falls "within the class of easily valued rights" that Congress meant to qualify. *See id.*

The judgment of the Tax Court is accordingly REVERSED, and the case is REMANDED for entry of judgment for the Schotts.