T.C. Memo. 2020-90

UNITED STATES TAX COURT

CARL WILLIAM COSIO, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23623-17L.                          Filed June 18, 2020.

Carl William Cosio, pro se.

<u>A. Gary Begun</u> and <u>Randall B. Childs</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review, pursuant to section 6330(d)(1),[1] of the determination by the Internal

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** Revenue Service (IRS or respondent) to proceed with collection of his unpaid Federal income tax liabilities for 2012 and 2015.[2]  The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, to which petitioner objects.  We will deny the motion.

Background

The following facts are based on the parties' motion papers and attachments, including the administrative record from the IRS Appeals Office (Appeals).  See Rule 121(b).  These facts are stated solely for the purpose of disposing of the motion and not as findings of fact in this case.  See Rule 1(b); Fed. R. Civ. P. 52(a); Cook v. Commissioner, 115 T.C. 15, 16 (2000), aff'd, 269 F.3d 854 (7th Cir. 2001).  Petitioner resided in Florida when he timely filed his petition.

---

[2]  On May 11, 2018, respondent filed a motion to dismiss for lack of jurisdiction with respect to tax year 2012, to which petitioner objected.  Therein respondent argued that the Court had no jurisdiction to review the decision letter issued on October 12, 2017, on petitioner's equivalent hearing.  On May 15, 2018, the Court ordered petitioner to file any objection to respondent's motion.  Petitioner did not file an objection to respondent's motion.  On July 10, 2018, the Court granted respondent's motion and dismissed petitioner's case as to tax year 2012 for lack of jurisdiction.

[*3] I.    Respondent's Collection Efforts

On November 15, 2016, petitioner filed a Federal income tax return for 2015 that was not accompanied by a payment. On December 26, 2016, respondent, as to 2015, assessed tax of $34,179 and credited petitioner for tax withholding payments of $785. Respondent also assessed a section 6651(a)(1) addition to tax of $7,513, a section 6651(a)(2) addition to tax of $1,502, and interest of $1,156. On April 7, 2017, respondent issued a Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of levy), with respect to petitioner's 2006, 2007, 2008, 2009, 2010, 2011, and 2015 tax years.[3] Upon receipt of the notice of levy, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP hearing for tax years 2006 through 2015.[4] On the Form 12153 petitioner checked the "Installment

---

[3] The notice of levy in the record does not reference petitioner's tax liability with respect to 2012. We infer from the administrative record that petitioner received a separate notice of levy as to that year.

[4] We lack jurisdiction to review respondent's collection activities for tax years 2006, 2007, 2008, 2009, 2010, 2011, 2013, and 2014 because the petition commencing this case does not seek to invoke the Court's jurisdiction to review any determination as to those years. See Orum v. Commissioner, 123 T.C. 1, 8 (2004) (stating that the Court's jurisdiction under sec. 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition requesting review of the determination in the letter), aff'd, 412 F.3d 819 (7th Cir. 2005).

[*4] Agreement", "Offer in Compromise", and "I Cannot Pay Balance" boxes as collection alternatives. Under the "Other" section of the form, petitioner stated he had inherited cash from his brother and alleged that afterwards a broker had used the cash to buy and sell securities without his consent. For this reason, petitioner argued that he was not liable for the tax assessed.[5] Petitioner did not check the box indicating he was interested in an equivalent hearing.

After petitioner submitted his CDP request, Appeals sent him several letters. One informed him that he was not entitled to a CDP hearing or an equivalent hearing[6] for tax years 2006 through 2009 because his request was untimely as to those years.[7] Another informed him that his request for a CDP hearing was

---

[5] Respondent concedes that petitioner's statement in his CDP request is a challenge to his underlying tax liability for 2015.

[6] An equivalent hearing resembles a CDP hearing in that it is held with the IRS Appeals Office, the settlement officer (SO) considers the same issues that would have been considered at a CDP hearing, and the SO generally follows the same procedures. See Craig v. Commissioner, 119 T.C. 252, 258-259 (2002). The chief differences are that the SO's decision following an equivalent hearing is embodied in a "decision letter" as opposed to a "notice of determination" and that a decision set forth in the former document, unlike a determination set forth in the latter document, is not subject to judicial review. Id.

[7] The record does not specify respondent's basis for concluding that petitioner's CDP request was untimely with respect to tax years 2006 through 2009. In any event, we lack jurisdiction to review respondent's collection activity for those years. See supra note 4.

**[\*5]** untimely with respect to tax years 2010, 2011, and 2012. Appeals invited petitioner to request an equivalent hearing for 2012 by submitting a new Form 12153 within 15 days. Petitioner failed to do so. Nonetheless, Appeals subsequently sent petitioner a letter granting him an equivalent hearing for 2012 but not for 2010 or 2011.

Appeals also issued petitioner a letter with respect to his tax liability for 2015. For this tax year Appeals acknowledged timely receipt of the CDP request and stated that it was forwarding his case to its New York office.

II.     CDP and Equivalent Hearings

Appeals assigned SO Josephine Stockli to review petitioner's case. On July 11, 2017, SO Stockli mailed petitioner a letter scheduling a telephone conference for August 16, 2017. According to SO Stockli's notes in respondent's case activity record, the scheduled telephone conference related to petitioner's tax liabilities for 2012 and 2015. However, the July 11, 2017, letter refers only to petitioner's equivalent hearing for 2012. The letter does not reference petitioner's CDP hearing, and the administrative record contains no letter scheduling a hearing with respect to tax year 2015. In the July 11, 2017, letter SO Stockli indicated that

**[*6]** she attached to the letter a copy of petitioner's account transcript for 2012,[8] Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656, Offer in Compromise.

On July 24, 2017, petitioner called SO Stockli. According to respondent's case activity report, petitioner told SO Stockli that "he ha[d] an in person conference with IRS in September and want[ed] to pursue that." SO Stockli asked petitioner for further explanation and told him that she would call his authorized representative, Ron Porat.[9] SO Stockli also asked petitioner to complete and submit Form 433-A and to file amended returns for 2012 and 2015 if he thought his returns were incorrect. After her telephone conversation with petitioner, SO Stockli called Mr. Porat and left him a voicemail asking him to return her call, to which Mr. Porat did not respond.

---

[8] The notice of determination issued October 12, 2017, states that SO Stockli attached to the July 11, 2017, letter copies of petitioner's account transcripts for 2012 and 2015. However, in the July 11, 2017, letter, SO Stockli stated that she was attaching a copy of petitioner's account transcript for 2012 only. It is unclear from the record whether SO Stockli attached to the July 11, 2017, letter a copy of petitioner's account transcript for 2015.

[9] Mr. Porat was petitioner's authorized representative during the CDP proceedings. He did not represent petitioner in any of the proceedings before this Court.

**[*7]**  On August 16, 2017, SO Stockli called Mr. Porat to hold the scheduled telephone conference.  According to respondent's case activity record, Mr. Porat did not answer SO Stockli's call, and she left him another voicemail.  Mr. Porat returned SO Stockli's phone call on August 18, 2017, and left her a voicemail.  On August 22, 2017, SO Stockli issued a letter to petitioner informing him that the scheduled telephone conference was not held because Mr. Porat was unavailable.  SO Stockli informed petitioner that she had not received Form 656 and Form 433-A from him.  She gave him 14 additional days to submit any information that he wanted her to consider before making a determination.  Like the previous letter, SO Stockli's August 22, 2017, letter, references petitioner's equivalent hearing for 2012 only.  The record contains no similar letter with respect to petitioner's CDP hearing for 2015.

On September 13, 2017, SO Stockli mailed petitioner a letter stating the following:

> This letter is our acknowledgement [sic] that we received your case for consideration in our Appeals Office.  However, we realize that your circumstances may have changed since you requested an Appeals hearing due to the storms that affected certain areas within the state of Florida.

SO Stockli ended the September 13, 2017, letter by adding the following:

**[*8]**     Please contact us within 14 days of this letter to advise on how to proceed with your case. * * * If we do not hear from you we will make every attempt to contact you as quickly as possible and begin the consideration of your case.

Unlike the previous letters, the September 13, 2017, letter references petitioner's tax liabilities for 2012 and 2015. The letter does not mention any previous communications that occurred among petitioner, Mr. Porat, and SO Stockli between July 2017 and September 2017.

Neither petitioner nor Mr. Porat made any further contact with SO Stockli. Subsequently, SO Stockli closed petitioner's case and, on October 12, 2017, issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), sustaining the proposed collection action with respect to 2015. That same day SO Stockli issued to petitioner a Decision Letter on Equivalent Hearing Under Internal Revenue Code Sections 6320 and/or 6330 with respect to 2012. Petitioner filed the petition in this case within 30 days of receiving both documents.

In the petition, petitioner argued that he was not given proper notice with respect to his CDP hearing for 2015 and that his July 24, 2017, telephone conversation with SO Stockli "led [him] to believe that [he] would receive further communication regarding the [CDP] hearing."

**[*9]** III.    Proceedings Before the Court

Before this case was calendared for trial, respondent filed a motion for summary judgment. Respondent contends that petitioner is precluded from challenging his underlying tax liability in this Court because petitioner failed to present any evidence to support his arguments even though he was offered the opportunity to do so during the CDP proceedings. Petitioner filed a timely response to respondent's motion. Petitioner alleges that neither he nor his representative "got notice * * * of pho[ne] meeting with Mrs. Stockli." The Court held a hearing on respondent's motion in Tampa, Florida.

## Discussion

I.    Jurisdiction

The Tax Court is a court of limited jurisdiction, and we must first ascertain whether a case before us is one that Congress has authorized us to consider. Sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983). In a CDP case such as this, our jurisdiction depends on the issuance of a notice of determination following a timely request for a CDP hearing and the filing of a timely petition for review. Sec. 6330(d)(1); Orum v. Commissioner, 123 T.C. 1, 8, 11-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Respondent issued a notice of determination to petitioner with respect to tax year 2015, and petitioner filed a timely petition.

**[*10]** Accordingly, we have jurisdiction to review the notice of determination sustaining the proposed collection action for 2015.

## II.     Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Sundstrand Corp. v. Commissioner, 98 T.C. at 520.  Upon careful review of the parties' filings to date, and viewing the facts and the inferences drawn from them in the light most favorable to petitioner as the nonmoving party, we conclude that there are genuine disputes of material fact that preclude the granting of summary judgment.

## III.     Collection Principles

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made.  Section 6330(a) provides that no

[*11] levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to a notice of levy pursuant to section 6330, a hearing shall be held before an impartial officer or employee of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing Appeals must determine whether proceeding with the proposed levy action is appropriate.  In making that determination Appeals is required to take into consideration:  (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for the

[*12] efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

IV.    Standard of Review and Analysis

Section 6330(d)(1) grants this Court jurisdiction to review Appeals' determination in connection with a collection hearing.  Where the validity of the underlying tax liability is properly at issue, we review the taxpayer's liability de novo.  See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  The parties disagree as to whether petitioner's underlying tax liability is at issue and, consequently, the appropriate standard of review.

A taxpayer may challenge the underlying liability in a CDP hearing if he did not receive a notice of deficiency or otherwise have an opportunity to contest the underlying liability.  See sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. at 609.  This Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly

[*13] raised at the CDP hearing if the taxpayer fails to request consideration of that issue by Appeals or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115-116; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The taxpayer must also raise the issue in his petition to this Court. Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

Petitioner did not receive a notice of deficiency, and the parties agree that petitioner was entitled to challenge his underlying tax liability in his CDP hearing. They disagree, however, as to whether petitioner properly raised the issue during his CDP hearing.

Respondent concedes (and we agree) that petitioner requested consideration of his underlying tax liability in his CDP hearing request. See supra note 5. However, requesting consideration of an issue during a CDP proceeding is not enough to preserve the issue for judicial review. The taxpayer must also present Appeals with "evidence with respect to that issue after being given a reasonable opportunity" to do so. Sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. According to respondent, petitioner failed to clear this threshold hurdle. The narrative in the notice of determination supports respondent's contention.

[*14] The notice of determination tells the following story. In the July 11, 2017, letter, SO Stockli provided notice of the scheduled telephone conference pertaining to petitioner's CDP hearing for 2015 and equivalent hearing for 2012. She requested financial and other information in the letter and followed up with petitioner and Mr. Porat by telephone. On August 16, 2017, SO Stockli called Mr. Porat for the scheduled hearing, but he was not available. Mr. Porat did not return SO Stockli's call even though she left him a detailed message. Thereafter, SO Stockli informed petitioner by letter that no one appeared for his hearing and gave him 14 additional days to forward any documentation that he wanted her to consider. Finally, on September 13, 2017, taking into account a natural disaster that had affected the State of Florida, SO Stockli sent a letter to petitioner giving him 14 additional days and a last chance to contact her. Neither petitioner nor his representative made any further contact with SO Stockli. Consequently, SO Stockli sustained the notice of levy.

If we were to take this narrative at face value, it could establish that: (1) SO Stockli informed petitioner about the telephone CDP hearing scheduled for August 16, 2017, and gave him several weeks to present evidence supporting his challenge to his underlying tax liability for 2015 and (2) petitioner failed to do so. Petitioner, however, disagrees with the facts as presented in the notice of

[*15] determination and alleges that he did not receive proper notice of the scheduling of his CDP hearing, which in turn deprived him of his right to present evidence on his behalf as to the subject matter thereof. Having reviewed petitioner's response and the administrative record, we find there is a material dispute of fact as to whether petitioner received a reasonable opportunity to present his evidence pertaining to his tax liability for 2015.

The administrative record confirms that on July 11, 2017, SO Stockli issued a letter to petitioner scheduling a telephone conference for August 16, 2017. However, the scheduling letter that SO Stockli sent to petitioner refers to petitioner's equivalent hearing for 2012 only. The letter makes no mention of petitioner's tax liability for 2015, and the record contains no similar letter scheduling a CDP hearing with respect to that year.

The same can be said of SO Stockli's letter to petitioner dated August 22, 2017, which informs petitioner that the telephone conference scheduled for August 16, 2017, was not held because his representative had not been available. In the letter SO Stockli advised petitioner to provide information (within 14 days from the date of the letter) that he wanted her to consider before she made a determination on his case. Once again, however, SO Stockli referenced petitioner's 2012 tax year only and did not mention his CDP hearing for 2015.

[*16] The fact that the July 11 and August 22, 2017, letters do not mention petitioner's CDP hearing for 2015 indicates that SO Stockli might not have scheduled petitioner's CDP hearing with respect to 2015, or that (at the very least) she might not have given petitioner proper notice of any such scheduled CDP hearing. In any of these situations, SO Stockli might have abused her discretion by not giving petitioner a reasonable opportunity to present his evidence with respect to tax year 2015.

SO Stockli's September 13, 2017, letter further supports the inference that SO Stockli might not have given petitioner a reasonable opportunity to present his evidence. The administrative record confirms that in her September 13, 2017, letter, SO Stockli gave petitioner 14 days to inform Appeals if he had been affected by the severe storms in the State of Florida. However, in the letter, SO Stockli also stated that if she did not hear from petitioner she "would make every attempt to contact" him and "begin the consideration of * * * [his] case." (Emphasis added.) The case activity report shows that after issuing the September 13, 2017, letter, SO Stockli did not make any further attempt to contact petitioner or give him another opportunity to submit his evidence. Instead, she closed his case and sustained the notice of levy.

[*17] Other documents in the record suggest that petitioner was genuinely confused about the date of his CDP hearing. A few days after SO Stockli issued the July 11, 2017, letter to petitioner, he contacted her to tell her that he had an in-person conference scheduled for September with an IRS employee whose name and title are not specified in the record. Petitioner stated that he wanted to "pursue" that opportunity. Although the notice of determination states that SO Stockli informed petitioner that she did not see "any open cases for petitioner" for September, respondent's case activity record states that SO Stockli only "asked * * * [petitioner for] further explanation and told him that she would call his representative". This conversation raises questions as to whether SO Stockli had reason to know that petitioner was confused about the scheduling of his CDP hearing.[10]

The notice of determination is inconsistent with the administrative record in another material respect. Although the notice of determination states that Mr. Porat did not return SO Stockli's August 16, 2017, call, respondent's case activity record shows that Mr. Porat returned her call a couple of days later and left her a

---

[10] In his petition, petitioner alleges that the July 24, 2017, conversation with SO Stockli led him to believe that he was going to receive further communication about the scheduling of his CDP hearing.

**[*18]** voicemail. This discrepancy raises questions as to the correctness of the notice of determination.

On the record before us, we find that there exists a question of disputed material fact as to whether SO Stockli abused her discretion by failing to provide petitioner a reasonable opportunity to present evidence with respect to tax year 2015. We will accordingly deny respondent's motion for summary judgment.

To implement the foregoing,

<u>An appropriate order will be issued</u>.