## MALETIS v. UNITED STATES.

### No. 13168.

United States Court of Appeals
Ninth Circuit.

Nov. 17, 1952.

David, Fain, Black, Kendall & Fain, Portland, Or., for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson, S. Dee Hanson, Sp. Assts. to Atty. Gen., Harry Baum, Sp. Asst. Atty. Gen., Henry L. Hess, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., and Thomas R. Winter, Sp. Asst. to B.I.R. Chief Counsel, Seattle, Wash., for appellee, the United States.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and HARRISON, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment denying appellant a refund of taxes paid by him for the tax year 1945.

The basis of appellant's claim, filed in 1948, is that in the tax year 1947 he suffered a net operating loss which, under 26 U.S.C. §§ 23(s) and 122, as amended, he is entitled to carry back and have deducted from his income of 1945, have the tax for that year recomputed and have a refund of the difference between the tax so computed and the tax paid. The district court held that the loss suffered in 1947 was not his own net operating loss, but was the loss of an equally participating partnership consisting of himself and his two sons. Maletis contends that this partnership is invalid for federal income tax purposes, because the capital contribution on behalf of the sons purported to be entered there was not in fact made and in any event was not from the sons.

We feel that Maletis is barred from now disclaiming the validity of the

partnership he set up in 1945 on the ground that he is bound by his election to do business as a partnership. The partnership he set up in 1945 was and is valid under Oregon law and at that time such partnerships had not been held invalid for income tax purposes as was later the case in C.I.R. v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, and the cases that followed. From 1945 until early in 1948, Maletis & Sons conducted business, represented itself as a partnership to the United States, obtaining federal licenses to carry on its wine manufacture and after the Tower case filed tax returns as a partnership. Maletis gained a tax benefit by not including his share of the taxable gains of the partnership in his return for 1946.

Maletis now seeks to disclaim the partnership's validity for those years. This he cannot do. As was said in Higgins v. Smith, 308 U.S. 473, at page 477, 60 S.Ct. 355, at page 358, 84 L.Ed. 406:

> "The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute."

The practical reason for such a rule is that otherwise the taxpayer could commence doing business as a corporation or partnership and, if everything goes well, realize the income tax advantages therefrom; but if things do not turn out so well, may turn around and disclaim the business form he created in order to realize the loss as his individual loss.

■ The Bureau of Internal Revenue, with the tremendous load it carries, must necessarily rely in the vast majority of cases on what the taxpayer asserts to be fact. The burden is on the taxpayer to see to it that the form of business he has created for tax purposes, and has asserted in his returns to be valid, is in fact not a sham or unreal. If in fact it is unreal, then it is not he but the Commissioner who should have the sole power to sustain or disregard the effect of the fiction since otherwise the opportunities for manipulation of taxes are practically unchecked. That which best serves the purpose of the tax statute should govern in this field and not the yearly exigencies of this taxpayer. The general rule has often been stated:

■ "The taxpayer may not escape the tax consequences of a business arrangement which he made upon the asserted ground that the arrangement was fictional." Love v. United States, 119 Ct.Cl. 384, 96 F.Supp. 919, 921.

> "A taxpayer is free to adopt such organization for his affairs as he may choose and having elected to do some business as a corporation, he must accept the tax disadvantages." Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 358, 84 L.Ed. 406.

Taxpayer argues that in fact he could have no election since what he created could never constitute a valid family partnership for income tax purposes. That what he created cannot be a valid family partnership for tax purposes is irrelevant, since he elected to do business as a partnership and represented it to be valid. He elected the form and arrangement in which he would do business. Having adopted that form, even though his actions were so inadequate as to make the form unreal for income tax purposes, "The Government may look at actualities and upon determination that the form employed * * * is unreal * * * may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute." Higgins v. Smith, supra.

We agree with Mr. Justice Frankfurter when he stated, in his Culbertson concurrence, that:

> "So, indeed, might the taxing authorities refuse to be precluded from holding the taxpayer to his election to adopt the form of a partnership." C.I.R. v. Culbertson, 337 U.S. 733, 753, 69 S.Ct. 1210, 93 L.Ed. 1659.

The judgment is affirmed.