Jack E. SHERMAN, Harvey B. Sherman and Sara Kotin, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. 14748.

United States District Court
E. D. Pennsylvania.

May 23, 1956.

J. Sydney Hoffman, Philadelphia, Pa., and Leon Ehrlich, Reading, Pa., for plaintiffs.

Jerome Fink, Washington, D. C., and W. Wilson White, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

From the evidence I make the following

Conclusions of Law

1. The court has jurisdiction of the parties.

2. The court has jurisdiction of the subject matter.

3. Each of the plaintiffs was a bona fide partner in Lang-Sherman Co., a partnership, from January 1, 1944 to May 11, 1945.

4. Each of the plaintiffs was taxable, respectively for that share of the partnership income of Lang-Sherman Co. which accrued to such plaintiff-partner for the years 1944 and 1945.

### Discussion

Plaintiffs, two adult sons and the former wife of Albert L. Sherman, seek a refund of income taxes paid by each of them for the years 1944 and 1945. Between January 1, 1944 and May 11, 1945 each of the plaintiffs owned, under a written partnership agreement to which they were parties, a substantial interest in the assets of the Lang-Sherman Co. Income taxes upon their respective shares of partnership income were paid by the plaintiffs.

The Internal Revenue Service initially concluded that the partnership was a sham and that all the partnership income allocable to members of the Sherman family should have been taxed to Albert L. Sherman individually. Accordingly, letters of overassessment were sent to each plaintiff indicating the government's disposition to refund the taxes paid. Plaintiffs protested the proposed refunds and there the matter rested.

Suddenly, for reasons which the record does not disclose, the former positions were reversed. The plaintiffs filed claims for refunds which the government disallowed and the plaintiffs instituted this suit. The government contends that the plaintiff taxpayers may not, under these circumstances, reverse their positions. Maletis v. United States, 9 Cir., 1952, 200 F.2d 97, supports this contention.

■ The government may but need not be indifferent, in the first instance, to the business form which a taxpayer selects; however, the taxpayer, having made the selection, may not subsequently disclaim its validity to avoid attendant tax disadvantages. In this case, plaintiffs elected to begin and continue business as a partnership, and they will not now be heard to disavow that partnership.

■ The determination of this controversy on the merits depends upon whether or not there was a bona fide partnership. Despite the contrary provisions of the carefully drawn agreement to which they were parties, plaintiffs now contend that they were not really partners. This contention is based upon the facts that in 1944 and 1945 they were, respectively a housewife and two soldiers; that they did not actively participate in the conduct or management of the business; and, that they had contributed neither capital, knowledge nor skill to the partnership venture.

Precisely such circumstances precipitated the family partnership tax cases in which the government's right to refuse to recognize such partnerships was upheld. Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670 and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. Whether the government could have accomplished such a result in this case is not before me, for here it is the partners who have assumed the burden of repudiating their own partnership.

The plaintiffs' burden of proof is not met by their own factual admissions that they (1) entered into the written partnership agreement, (2) received their respective interests in the business by gifts which each accepted, (3) accepted the income credits to their respective capital accounts, (4) signed or authorized agents to sign income tax returns on their behalf, (5) voluntarily paid the taxes they now question, (6) insistently maintained they were partners in protesting proposed refunds upon notice of overassessment and (7) received, in cash, the value of their respective distributive shares upon dissolution of the partnership.

The plaintiffs seek to establish the existence of circumstances under which they contend there can be no partnership. In family partnership cases the govern-

ment is permitted to introduce evidence of circumstances to endeavor to establish what was the true intent of the parties in contradiction of their direct statements that their intentions were bona fide.

The issue of intent and that alone controls the disposition of this case. Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L. Ed. 1659. Upon this issue each of the plaintiffs has unequivocally testified under oath in this proceeding that each intended in good faith to have a partnership and I have so found.

Accordingly, judgment will be entered for the defendant in plaintiffs' action and, in conformity with the stipulation of counsel, judgment will be entered for the defendant and against the plaintiffs on defendant's counterclaim, upon submission by counsel of an appropriate order.