Margaret Lillian **FERGUSON**, Newton Ivan Sherry and Lois Sherry, Petitioners,

v.

**COMMISSIONER OF INTERNAL REV- ENUE, Respondent.**

No. 16109.

United States Court of Appeals Ninth Circuit.

Jan. 19, 1959.

Charles H. Carr, Los Angeles, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Loring W. Post, Lee A. Jackson, A. F. Prescott, Davis W. Morton, Jr., Attys., Department of Justice, Washington, D. C., for respondent.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

Separate petitions for redetermination of deficiencies in income tax were filed with the Tax Court by Margaret Lillian Ferguson, and Newton Ivan Sherry and Lois Sherry, his wife. Lois Sherry is involved because she filed joint returns with her husband, Newton Ivan Sherry. The two petitions were consolidated for trial before the Tax Court as there was but a single issue common to both petitions involving identical years.

The Tax Court found and concluded under the entire record before it that the petitioner, Newton Ivan Sherry, the son of Nathan Sherry, deceased, and petitioner, Margaret Lillian Ferguson, daughter of said decedent, were, together with their father Nathan Sherry, partners of Sherry Enterprises, a family partnership, during the taxable years 1945 and 1946. The deficiencies here in issue were assessed against the petitioners Newton Ivan Sherry and his wife, and Margaret Lillian Ferguson, for their respective calendar years 1945 and 1946. The additional income, so assessed, represents each partner's additional distributive share of income of Sherry Enterprises, the partnership, for its fiscal years ended June 30, 1945 and June 30, 1946. The amounts of such additional partnership income as computed by the Commissioner are not contested.

■■ The only question presented on this review is: Did the Tax Court err in finding and concluding, under the entire record, that Margaret Lillian Ferguson and Newton Ivan Sherry were partners in Sherry Enterprises during the fiscal years mentioned so as to be liable for income tax deficiencies assessed for the respective years 1945 and 1946? We have carefully examined the transcript of record in the Tax Court. Such record amply supports the finding of the Tax Court, even apart from the doctrine laid down in Maletis v. United States, 9 Cir., 200 F.2d 97; certiorari denied 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1356. The finding of the Tax Court is supported by substantial evidence and is not clearly erroneous. Such finding is entitled to finality in this Court. Klamath Medical Service Bureau v. Commissioner of Internal Revenue, 9 Cir., 1958, 261 F.2d 842. No useful purpose would be served by summarizing the evidence, both oral and documentary, which was before the Tax Court.

The decisions of the Tax Court are affirmed.