**J. Sterling HALSTEAD and Marcella S. Halstead, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 24, Docket 26816.**

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1961.

Decided Nov. 30, 1961.

J. Sterling Halstead, pro se for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Frank Q. Nebeker, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SWAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

J. Sterling Halstead, whom we shall refer to as the taxpayer, made annual written agreements with John P. Phillips to form a partnership for the practice of law. The taxpayer intended to create a partnership, thought he had done so, and for nine years filed tax returns for the partnership, whose fiscal year ended March 31, and in his own return on the calendar year basis included his share of partnership income, as required by § 188 of the 1939 Code, 26 U.S.C.A. § 188.

The taxable year in suit is 1953. For that year the partnership return showed the taxpayer's share of income as $36,-389.73 but he contended before the Tax Court that only $31,067.40 should have been included in his return for the calendar year 1953 because "he did not car-

ry on business in partnership" during 1953 (see § 181 of the 1939 Code, 26 U.S. C.A. § 181) and therefore § 188 was not applicable. The Tax Court held that he had not sustained the burden proving the Commissioner's determination wrong. Its memorandum findings of fact and opinion are not officially reported.

Whether the Tax Court's conclusion that the taxpayer had not sustained his burden of proof be regarded as a finding of fact or a conclusion of law we think it correct. We agree also with two additional arguments advanced by the Commissioner: (1) If a common law partnership was not created, the arrangement between the taxpayer and Mr. Phillips constituted a "joint venture" which is included in the terms "partnership" and "partner" for income tax purposes by § 3797(a) (2) of the 1939 Code, 26 U.S. C.A. § 3797(a) (2). (2) Since the taxpayer represented to the taxing authorities that the form of business he set up was an actual partnership, he may not now disclaim its validity. See Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 84 L.Ed. 406; Maletis v. United States, 9 Cir., 200 F.2d 97, cert. den. 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1356; Sherman v. United States, 3 Cir., 240 F.2d 600 (affirming D.C., 141 F.Supp. 369); Phillips v. United States, 5 Cir., 193 F. 2d 132.