**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN W. ASHLAND and BROOKE C. ASHLAND, <br><br> Petitioners - Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 13-71498 <br><br> Tax Ct. No. 25306-08 <br><br> MEMORANDUM* |

Appeal from a Decision of the United States Tax Court
Diane L. Kroupa, Judge, Presiding

Submitted August 12, 2014**
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Melvin and Brooke Ashland appeal from a decision of the Tax Court

dismissing for lack of subject matter jurisdiction the issue of whether they properly

deducted in 2002 an alleged distribution from Cutler & Co. LLC. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 26 U.S.C. § 7482 and review questions of law *de novo* and factual findings for clear error. *See Meruelo v. C.I.R.*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

As an LLC, Cutler is treated as a partnership for tax purposes. 26 C.F.R. § 301.7701–3(b). Its alleged guaranteed payment to Brooke Ashland was a "partnership item," 26 C.F.R. § 301.6231(a)(3)–1(a)(2), and the issue of whether it made this payment must be decided at the partnership level. 26 U.S.C. § 6221. In the present individual deficiency proceeding, the Tax Court lacked jurisdiction to determine whether the payment was made. *See Bergford v. C.I.R.*, 12 F.3d 166, 170 (9th Cir. 1993).

The Ashlands argue that Cutler is covered by the "small partnership" exception, under which "[t]he term 'partnership' shall not include any partnership having 10 or fewer partners each of whom is an individual . . . , a C corporation, or an estate of a deceased partner." 26 U.S.C. § 6231(a)(1)(B)(i). We understand the argument but it overlooks the fact that one of Cutler's partners in 2002, Airport Plaza, was a "pass-thru partner" – a partnership "through [which] other persons [held] an interest in the [Cutler] partnership." 26 U.S.C. § 6231(a)(9). The exception does not apply. 26 C.F.R. § 301.6231(a)(1)–1(a)(2).

The Ashlands respond that Airport Plaza dissolved in 2001, per the terms of its General Partnership Agreement. However, on January 11, 2002, Airport Plaza executed the Cutler Amended and Restated Operating Agreement. Further, the Agreement Regarding Restructuring of Cutler, dated June 14, 2002, provided for the prospective dissolution of Airport Plaza upon the sale of certain Cutler assets. Thus, the Tax Court properly found that for tax purposes, Airport Plaza continued to exist in 2002. 26 U.S.C. § 708.

The Ashlands assert that, even if Airport Plaza existed in 2002, it was not a pass-thru partner of Cutler. Yet, since 1997, Airport Plaza had held Brooke Ashland's and Stephan Brennan's Cutler membership interests. Cutler's Amended and Restated Operating Agreement stated that Airport Plaza owned a 92.472% interest in Cutler. The Cutler Restructuring Agreement confirmed that Airport Plaza continued to hold a membership interest.

**AFFIRMED.**