T.C. Memo. 2015-65

UNITED STATES TAX COURT

CHARLES BRUMBAUGH AND C.E. HOLIFIELD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9161-14.                          Filed April 6, 2015.

William Marc Weintraub, for petitioners.

Kris H. An and Jordan Scott Musen, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  On February 19, 2015, the Internal Revenue Service (IRS
or respondent) filed a motion to dismiss and to strike partnership items.  Respon-
dent contends that petitioners' claim of entitlement to additional flowthrough
losses from 4200 Panorama, LLC (Panorama), a partnership for Federal income
tax purposes, must be dismissed because the Court lacks jurisdiction to consider

[*2] them.  This question turns on whether Panorama is subject to the partnership procedural rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648.  Petitioners argue that Panorama is not covered by TEFRA but is exempt because it is a "small partnership."  See sec. 6231(a)(1)(B)(i).[1]  We disagree and accordingly will grant respondent's motion to dismiss as to the partnership items discussed below.

## Background

There is no dispute concerning the following facts, which are derived from the parties' pleadings and motion papers and the attached exhibits.  These facts are stated solely for the purpose of deciding this motion and not as findings of fact in this case.  See Rule 1(b); Fed. R. Civ. P. 52(a); Cook v. Commissioner, 115 T.C. 15, 16 (2000), aff'd, 269 F.3d 854 (7th Cir. 2001).

On their joint Federal income tax return for 2007 petitioners claimed on Schedule C, Profit and Loss From Business, an interest deduction of $317,098.  In a timely issued notice of deficiency, the IRS disallowed $163,915 of this interest deduction for lack of substantiation.  The IRS also determined that certain losses that petitioners deducted on Schedule E, Supplemental Income and Loss, were

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

[*3] subject to the passive loss limitation under section 469 and asserted an accuracy-related penalty under section 6662(a). None of the adjustments set forth in the notice of deficiency relates to deductions claimed by Panorama.

Petitioners contend that they are entitled to deduct additional flowthrough losses from Panorama beyond those originally reported to them on Schedule K-1, Partner's Share of Income, Deductions, Credits, etc. In particular, petitioners contend that they erroneously claimed the disallowed interest deduction of $163,915 on their Schedule C. Instead, they say that this interest deduction should have been reported by Panorama and should have been claimed by them on Schedule E as a part of a larger flowthrough loss from Panorama.

In 2007 petitioner Charles Brumbaugh owned a 59.99% membership interest in Panorama. The remaining membership interests in Panorama were owned as follows: 39.99% by Benjamin Lingo and 0.02% by Lynx Realty and Management, LLC (Lynx), a partnership for Federal income tax purposes. On June 16, 2008, Panorama filed Form 1065, U.S. Return of Partnership Income, for 2007. Panorama claimed no deduction for interest on this return. Petitioners now contend that Panorama incurred interest expenses of $172,653 for the taxable year 2007 and that 59.99% of this amount, or $103,575, should have been deductible to petitioners as their distributive share of Panorama's loss. As a corollary of this

**[\*4]** position, petitioners contend that the Schedule K-1 from Panorama did not accurately represent the losses allocable to them.  Petitioners now seek to claim, in this deficiency case, a deduction for the losses from Panorama to which they believe they are actually entitled.

## Discussion

Panorama is a partnership within the meaning of section 6231(a)(1).  It is thus subject to the provisions of TEFRA concerning unified partnership proceedings.  See secs. 6221-6234.  It appears that the IRS did not commence partnership audit proceedings for this TEFRA partnership and did not issue a notice of final partnership administrative adjustment (FPAA) with respect to Panorama for 2007.  Likewise, petitioners did not seek an administrative adjustment to Panorama's partnership items under section 6227(a)(1), and the time for doing so has now expired.  As a result, the tax treatment of all partnership items with respect to the partnership is final in accordance with the tax return filed by the partnership.  Bedrosian v. Commissioner, 144 T.C. __, __ (slip op. at 4) (Mar. 17, 2015) ("[A]ny partnership items that were not adjusted are final and cannot be revisited in a collateral proceeding.").

Generally, a partnership item, such as an interest deduction, is determined at the partnership level.  Secs. 6221, 6231(a)(3).  Petitioners agree that if the TEFRA

**[*5]** provisions apply to Panorama, then the parties "would be bound by the partnership items, including any mortgage interest, reported on Panorama's 2007 return." Instead, petitioners oppose respondent's motion on the theory that Panorama "in substance" met the requirements of the small partnership exception, sec. 6231(a)(1)(B)(i), so that the TEFRA procedural rules do not apply to it. If petitioners are correct, there would be no FPAA and no partnership items, see Bedrosian v. Commissioner, 143 T.C. __, __ (slip op. at 41) (Aug. 13, 2014), and the TEFRA rules would not bar petitioners from asserting a claim to an additional interest deduction.

The TEFRA provisions begin with the presumption that TEFRA applies to any entity that is required to file a partnership return. Sec. 6231(a)(1)(A). But there is an exception for small partnerships. A "small partnership" is any partnership having 10 or fewer partners each of whom is an individual (other than a nonresident alien), a C corporation, or an estate of a deceased partner. Sec. 6231(a)(1)(B)(i). As is implicit in this exception, a partnership will not be considered to be a "small partnership" if any partner during the taxable year is a passthrough partner. See Brennan v. Commissioner, T.C. Memo. 2012-187, aff'd sub nom. Ashland v. Commissioner, 584 Fed. Appx. 573 (9th Cir. 2014); sec. 301.6231(a)(1)-1(a)(2), Proced. & Admin. Regs. A passthrough partner is a

**[\*6]** partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership and includes disregarded entities such as single-member LLCs. <u>See</u> sec. 6231(a)(9); <u>6611, Ltd. v. Commissioner</u>, T.C. Memo. 2013-49; <u>Tigers Eye Trading, LLC v. Commissioner</u>, T.C. Memo. 2009-121.

Panorama cannot satisfy the small partnership exception because it had during 2007 one passthrough partner, namely, Lynx. On page two of its partnership return, Panorama answered "yes" to the question, "Are any partners in this partnership also partnerships?" In response to the question, "What type of entity is this partner?" the Schedule K-1 for Lynx states: "Partnership."

Petitioners admit that Lynx is a partnership and that it held a partnership interest in Panorama during 2007. However, they contend that Lynx held such a nominal interest, 0.02%, that "in substance" Panorama satisfied the small partnership exception. But neither the Internal Revenue Code nor the regulations provide a "de minimis exception" for passthrough partners, and this Court is not at liberty to create one. Either a partner is a passthrough entity or it is not; the Court does not inquire into the entity's ownership percentage or its upstream partners. <u>See</u> <u>Bedrosian v. Commissioner</u>, 143 T.C. at ___ (slip op. at 48) ("The presence of any passthrough partner precludes the application of the small partnership ex-

**[\*7]** ception of section 6231(a)(1)(B) and renders the partnership subject to TEFRA as a matter of law."). As the Supreme Court has observed, a taxpayer is free to organize his affairs as he chooses, but once having done so, he must accept the tax consequences of his choice, whether contemplated or not. <u>Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co.</u>, 417 U.S. 134, 149 (1974). Because Panorama had a passthrough partner, the small partnership exception does not apply and Panorama remains a TEFRA partnership.

Petitioners and respondent are both bound by Panorama's return. Petitioners therefore cannot claim entitlement to additional passthrough losses from Panorama on the theory that Panorama should have claimed additional interest deductions. Although the result may seem harsh, we must dismiss this portion of the case because we lack jurisdiction to decide partnership-level issues in this litigation. <u>See</u> <u>Roberts v. Commissioner</u>, 94 T.C. 853, 857, 862 (1990).

To reflect the foregoing,

<u>An appropriate order will be issued</u>.