T.C. Memo. 2018-35

UNITED STATES TAX COURT

ARGOSY TECHNOLOGIES, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29856-14L.                                    Filed March 22, 2018.

John J. Petito (a member), for petitioner.

Luanne S. DiMauro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: This proceeding was commenced in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 (notice of determination) dated December 1, 2014. Respondent

determined to proceed with the proposed levy to collect petitioner's unpaid

income tax liabilities for tax years 2010 and 2011. Late filing penalties under

[*2] section 6698 were assessed for the late filing of Forms 1065, U.S. Return of Partnership Income, for tax years 2010 and 2011.

The issue for consideration is whether the proposed collection action should be sustained. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. Sections 6221-6232, included in subchapter C, "Tax Treatment of Partnership Items", were added to the Internal Revenue Code by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648.

FINDINGS OF FACT

Petitioner, a limited liability company (LLC), was domiciled in New York when it timely filed its petition.

On June 28, 2014, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner did not request a collection alternative; it only raised the underlying liabilities. Petitioner asserted that it was not a partnership but a single-member LLC.

For tax years 2010 and 2011 John Petito and his wife were reported on peititoner's Schedules B-1, Information on Partners Owning 50% or More of the Partnership, as owning 100% of petitioner. Mr. Petito signed the hearing request,

[*3] which further asserted that petitioner could not be charged a partnership penalty. Schedules K-1, Partner's Share of Income, Deductions, Credits, and Other Items, for tax years 2010 and 2011 for petitioner were attached to the hearing request.

Petitioner's tax returns for both tax years 2010 and 2011 included the following statement: "This partnership's section 6231(A)(1)(B)(ii) election to be covered under TEFRA unified audit procedures is still in existence and in force." These returns were not timely filed.

On October 15, 2014, the Appeals officer mailed petitioner a letter scheduling a telephone collection due process (CDP) hearing for October 31, 2014. The letter explained that petitioner would need to fill out a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, if it was requesting either an installment agreement or an offer-in-compromise. The letter further explained that if petitioner did not respond to the letter or participate in the conference, a determination would be made on the basis of petitioner's CDP request. Petitioner did not call in for the scheduled CDP conference.

On December 1, 2014, the Appeals officer issued a notice of determination sustaining the proposed levy. The Appeals case memorandum acknowledges that

[*4] petitioner contends it was a single-member entity.  The Appeals officer verified through transcript analysis that assessment was properly made pursuant to section 6201 for each tax year in issue.  The Appeals officer concluded that all of the requirements of applicable law or administrative procedure had been met.

On December 15, 2014, petitioner filed its petition, asserting that it is a single-member LLC and cannot be charged a partnership penalty and that the Appeals officer abused his discretion.

OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand.  Before the Secretary may levy upon the taxpayer's property, the Secretary must notify him or her of the Secretary's intention to impose the levy.  Sec. 6331(d)(1).  The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6330(a)(1).  This Court has jurisdiction to review the Commissioner's administrative determinations.  Sec. 6330(d)(1).

Under certain circumstances a taxpayer may raise challenges to the Commissioner's determination of his or her underlying tax liabilities in a CDP proceeding.  See sec. 6330(c)(2)(B).  A taxpayer may challenge the amount of the assessed tax in a CDP proceeding if he or she did not receive a statutory notice of

**[\*5]** deficiency or did not otherwise have an opportunity to dispute the tax liability.  Id.; see also Montgomery v. Commissioner, 122 T.C. 1, 7 (2004).

Where the validity of the taxpayer's tax liability is properly at issue, we review the determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying tax liability is not before us, we review the determination for abuse of discretion only.  Id. at 182.  To establish an abuse of discretion, petitioner must show that the Appeals officer's decision was arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  The Court does not conduct an independent review and substitute its judgment for that of the Appeals officer.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner contends that its underlying liabilities were raised in its CDP hearing request, in which it stated that a single-member LLC could not be subject to partnership penalties.  Petitioner did not have a prior opportunity to dispute the assessed tax liabilities.  Although petitioner did not call in for the scheduled conference, it did challenge the underlying liabilities and there was written correspondence.  See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see also Davis v. Commissioner, 115 T.C. 35, 41 (2000).

**[*6]**   Petitioner contends that it is a single-member LLC, and not a partnership, and therefore was not required to file a partnership return.  Section 6031 requires every partnership as defined in section 761(a) to file a tax return for each taxable year.  Section 6698 imposes a penalty against the partnership for the failure to timely file a partnership return.

For tax years 2010 and 2011 Mr. and Mrs. Petito were reported on petitioner's Schedules B-1 as owning 100% of Argosy.  Pursuant to section 6231(a)(1)(B)(ii), petitioner elected to be covered under TEFRA.  It filed partnership returns and selected on its Forms 1065 that it was a domestic LLC.

Since petitioner represented itself as a partnership on its tax returns, it may not argue that it is another entity and disclaim its validity.  See Halstead v. Commissioner, 296 F.2d 61 (2d Cir. 1961), aff'g T.C. Memo. 1960-106; Brennan v. Commissioner, T.C. Memo. 2012-187, aff'd sub nom. Ashland v. Commissioner, 584 F. App'x 573 (9th Cir. 2014).  Petitioner contends that a Mr. and Mrs. Petitio were one partner.  However, there is no evidence of an election pursuant to section 761(f).

Section 6698 provides an exception to the penalty for late filing if it can be shown that the failure is due to reasonable cause.  Petitioner did not argue reasonable cause.  Rather petitioner argued that it was a single-member LLC.  We

**[\*7]** conclude that petitioner is liable for the section 6698 penalty for tax years 2010 and 2011.

Petitioner contends that respondent's determination constitutes an abuse of discretion. Section 6330(c)(3) requires the Appeals officer to consider the following during a CDP hearing: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the Appeals officer properly based his determination on the factors specified by section 6330(c)(3).

Petitioner did not request any collection alternatives, and the only issue it raised was the underlying tax liabilities. The Appeals officer did not abuse his discretion in sustaining the proposed levy for tax years 2010 and 2011.

Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for

respondent.